Bonesteel and another vs. Orvis.

*Replevin—Measure of Damages—Evidence.*

1. In replevin for merchandise, the measure of damages is generally the market value of the goods when taken, with interest.

2. In such an action, where there was no claim that the goods had risen in value after the taking, or that any *special* damage had accrued to plaintiffs by reason of their being deprived of the possession, it was error to permit them, as witnesses in their own behalf, to testify what was the "fair value of the goods in view of all the hazards and chances of their

business," or "what the goods were worth to them in the ordinary course of the trade in which they were then and continued to be engaged," their answer being that "fifteen per cent. added to the wholesale cost would have been a fair value to them." Damages thus estimated are conjectural and speculative.

APPEAL from the Circuit Court for *Fond du Lac* County.

Replevin for a stock of goods seized by defendant as sheriff, under an attachment against a third party. The complaint alleges that the value of the goods was $6,500; and that defendant wrongfully took and still unjustly detains them, to plaintiffs' damage in the sum, etc.; and it demands judgment for a recovery of the possession or for said sum of $6,500 as their value, in case a delivery cannot be had, together with $3,500 as damages for the detention, etc.

The jury found the property and right of possession in the plaintiffs, and assessed the value of the goods at $6,216, and damages for the detention at $600. New trial denied; and from a judgment on the verdict defendant appealed.

*Blair & Coleman*, for appellant:

Interest on the value of the property taken, is the proper measure of damages for the detention. *Graves v. Sittig*, 5 Wis., 219; *Morris v. Baker*, id., 389; *Beveridge v. Welch*, 7 id., 465; *Gordon v. Jenney*, 16 Mass., 465; *Brizsee v. Maybee*, 21 Wend., 144. In ascertaining the value of the property, the true rule is to ascertain what it is worth in the market.

*Edward S. Bragg*, contra, cited *Griffin v. Colver*, 16 N. Y., 489; *Fox v. Harding*, 7 Cush., 523; *Suydam v. Jenkins*, 3 Sandf., 604, 629; 19 Curtis Sup. Ct., 527.

COLE, J. Upon the trial of this cause, the plaintiff *Smead* was sworn and asked the following questions: "What was the fair value of the goods taken, in view of all the hazards and chances of the business in which you were engaged?

And what were those goods worth to you in the ordinary course of trade and business in which you were then, and continued to be, engaged?" These questions were objected to by the defendant, but the objection was overruled, and the witness answered: "I should say that fifteen per cent. added to the wholesale cost would have been a fair return to us." It is insisted that this testimony was improper, since it did not call upon the witness to state the real value of the property in the market, which should be assumed as its just value, but required him to say what, in view of all the chances and hazards of the business in which the plaintiffs were engaged, the goods were worth to them. It is said that damages founded upon such an estimate are conjectural and speculative, and are not allowed. It appears to us that this objection is well taken. *Blair v. Milwaukee & Prairie du Chien R. R. Co.*, 20 Wis., 262. The proper rule was, to ascertain the value of the goods at the time they were taken from the possession of the plaintiffs—that is, their market value, the sum for which they could be sold at that place; and to allow the plaintiffs this amount, with interest thereon. There is no claim here that there was any increase in the value of the goods after they were taken from the possession of the plaintiffs, or that there was any fluctuation in the price. We need not, therefore, consider what would be the proper measure of damages where it appears that an enhanced price has been received by the wrongdoer, or, it is reasonable to believe, would have been realized by the plaintiffs, had they retained possession. Now had the plaintiffs claimed in their complaint, and shown by the evidence, that they would have derived a benefit from an increase in the value of the goods, had they retained them, or proven that they had sustained some special damage in consequence of being deprived of the possession, then perhaps they would be entitled to compensation upon that

ground. But that is not the case presented here. No distinct item of damages is claimed by the plaintiffs because they were deprived of the possession of those goods at that time. But, for the purpose of getting at the actual value of the goods, the witness was asked what they were worth to the plaintiffs in the ordinary course of trade, considering the chances of the business in which they were engaged. And the answer given was necessarily speculative, as it was impossible to say what the plaintiffs could have realized out of the property. The witness thought that fifteen per cent. added to the wholesale cost would have been a fair value to the owners engaged in trade. But it is apparent that this estimate is conjectural, or at least it does not appear that fifteen per cent. added to the wholesale price was what the property was really worth in the market. And in ordinary cases the amount of damages which the owner is entitled to recover for goods wrongfully taken from his possession, is the market price, with interest thereon. As a general rule, this is deemed in law a compensation for the loss he has sustained; and this court has laid it down in a number of cases as the proper measure of damages. *Graves v. Sittig*, 5 Wis., 219; *Morris v. Baker*, id., 389; *Beveridge v. Welch*, 7 id., 465.

But it is said, the error in admitting this testimony, if any there were, was cured by the evidence furnished by the defendant himself as to the correct rule of damages. It is true, four of the defendant's witnesses testified that from seven and a half to fifteen per cent. was a fair average price of goods at retail in the market, above the wholesale price. This however leaves quite a margin as to the real value; and how can it be assumed that the jury did not find, upon the strength of *Smead's* testimony alone, that fifteen per cent. added to the wholesale price was the actual value at Fond du Lac? It is impossible to say that the jury did not

take the highest limit as the measure of value, and that this result was not reached mainly through the influence of this improper testimony upon their judgment.    Nor did the instruction of the court cure the error.    The court charged the jury, that if the plaintiffs recovered, they were entitled to interest on the value of the goods at the time of the taking, and from thence to the time of trial, as a measure of damages; or that, in lieu thereof, the jury might award such actual damages as the evidence showed they had sustained, not fanciful or speculative, but real damages; but that the plaintiffs were not entitled to both actual damages and interest on the value as damages.    This does not avoid the difficulty; for if the jury should assume the value of the goods at the time of the taking as the basis of their verdict, they might conclude that the *greater* value sworn to by *Smead* was the correct one.    And, as already remarked, his estimate was a speculative one, and should not have been given.

On the whole, we think there must be a new trial on account of the admission of improper testimony.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded. ·