Bourda vs. Jones.

BOURDA, Appellant, vs. JONES, Respondent.

*March 20 — April 9, 1901.*

*Replevin: Landlord and tenant: Evidence: Inventory of hotel furniture: Memoranda: Offer of judgment: Practice: Value: Improbable evidence: Special damages: Interest: Immaterial error.*

1. Plaintiff leased a summer hotel and its furnishings from defendant, stipulating that an inventory of the property therein should be taken before he took possession, and that he would return to defendant the same quantity and kind of property at the termination of the lease.   No inventory was taken, though defendant had an inventory which had been taken at the close of the preceding season, which was shown to have been accepted as the inventory required under the lease.   Plaintiff occupied the hotel two seasons, adding to the furnishings property of his own, and, on the termination of his lease, left all furnishings therein and, after due demand, replevied certain property therein, alleged to be his.   On the trial defendant's son and daughter testified as to certain inventories each had made of the property in the hotel, the son's, being based on defendant's inventory made before plaintiff took possession, showed the property in the hotel before plaintiff went into possession, the articles he had left, the excess of property, and also the articles missing.   Plaintiff offered similar memoranda prepared by his witnesses.   *Held,* that such memoranda were properly received in evidence as part of the testimony of the witnesses.

2. Where an offer of judgment under sec. 2789, Stats. 1898, is made, the fact that the cause proceeded to trial is ample evidence that it was refused.

3. An offer of judgment under sec. 2789, Stats. 1898, is a proper instrument to be in the files of the case, and, on refusal to accept, it

drops out of the case until the final conclusion is reached on the facts, when, on attention being called thereto, it is the duty of the court to recognize and consider it in determining the question of costs.

4. Where an offer of judgment is made and refused, it is not error to award judgment for less than the offer, although such offer was not in evidence, said sec. 2789 prohibiting the consideration thereof by the court.

5. Evidence as to the value of household furniture which had been used in an hotel from one to five years, based on the theory that it was worth as much as when new, is contrary to all reasonable probabilities, and may be disregarded even though uncontradicted.

6. The plaintiff in an action of replevin testified that his special damages by reason of the wrongful detention of his property was a sum four times the value of the property as found by the court, and well up to the value that by any possibility could have been found upon the proof, and also testified that if he recovered the property it would be worth substantially as much as when new. *Held*, that the court, in assessing damages, might disregard such evidence as incredible.

7. In replevin where no special damages are claimed or established by the evidence, the proper rule requires an allowance, as damages, of interest upon the value of the property while the wrongful detention continued; but where the loss in that regard is trifling, the omission of such allowance is not prejudicial error.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Action of replevin for a quantity of hotel furniture. Plaintiff leased of respondent, for the season of 1897, a summer hotel with its furnishings, agreeing to return, at the termination of the lease, as much personal property in kind and quality as that covered by the lease, and to purchase for his use any additional furniture he might need. The lease was made February 27, 1897, and provided that the season should commence May 12th and end October 12th thereafter, and that before such commencement an inventory and appraisal of the personal property covered by it should be made. After the hotel was closed the preceding season respondent caused an inventory of his personal prop-

erty therein to be taken. The inventory required by the lease was not made, but the evidence tended to show that the fact that respondent had an inventory made the previous fall was brought to appellant's attention, and that it was understood that it should stand as representing the leased personal property. The lease was renewed for the season of 1898. At the end of such season plaintiff closed the hotel without taking away his personal property. Later he made a list of the property he claimed, which was in defendant's possession, and demanded the same. The demand was refused, whereupon this action was brought to recover the same.

All the material allegations of the complaint were put in issue by the answer. Defendant tendered judgment pursuant to sec. 2789, Stats. 1898, for a large part of the property claimed, with costs up to the time of such tender. The tender was refused. The cause was tried before a referee. Appellant, to establish his cause of action, testified that all the property described in the complaint belonged to him and that the various articles were worth the amounts set opposite them respectively in a list attached to the complaint, the aggregate being $822; that he fixed the value as indicated because that was what the property cost; that the articles had been used in the hotel business from one to five years, but that they were worth as much as when new. Plaintiff's wife, assisted by a servant, inventoried the property in the hotel after the close of the tenancy, and their inventory was the basis of appellant's claim. Mrs. Bourda testified to the correctness of the inventory, but said that when making it she did not have any list of respondent's property to go by and did not know what all the property was. To maintain respondent's side of the case his son testified that in the fall of 1896 he made an inventory of his father's property that was leased to appellant in 1897, and that he caused it to be recorded in a book which was pro-

duced.   He presented a list which he said was a copy of the book, and it was allowed to go in evidence as a part of his testimony.   He also presented a paper which he said contained a true list of his father's property that was in the hotel when appellant's tenancy commenced; that he made it from the inventory of 1896; that on the list there were columns of figures, one showing property in the hotel in 1896, another property when the first inventory was taken, and the third what was found in the hotel after the replevin papers were served.   At another point he testified that the first paper presented was a copy of the inventory of 1896 taken from the book that was produced, and that the second list was a copy of the articles in the inventory of 1896 of the kind found in the hotel by him and inventoried after the suit was commenced.   The second list had four columns, one representing articles owned by respondent in the hotel at the commencement of the tenancy, one, similar articles there when the inventory was taken by the witness after the tenancy terminated, one, the number of articles short, and the other, the number of articles in excess of what respondent was entitled to.   Both lists were received in evidence against appellant's objections.   Miss Maria E. Jones testified to having made an inventory of all the articles in the hotel after it closed for the season of 1898.   She produced a list which she said was a correct exhibit of her work, written under personal directions as she called the articles off from the minutes of her inventory.   The paper was allowed to be introduced as part of the witness's evidence.   Respondent produced no evidence on the subject of value, except as to one article which he said was not worth over one fourth of what it cost when new.

The referee found in favor of plaintiff, that he was entitled to recover certain specified articles, not including a large part of the property claimed and much of the property for which judgment was tendered.   He followed the list

Bourda vs. Jones.

made and verified by respondent's son, showing the excess of articles found in the hotel after the tenancy closed, over those belonging to respondent according to the inventory of September, 1896, which were turned over to appellant on May 1, 1897, according to the evidence of respondent's son, as such evidence is understood. The value of the articles found to belong to appellant, at the rate testified to by him, was over $300. The value found by the court was $50. The only evidence of damage was a general statement by plaintiff that he was damaged $200. He said he made that out because he had to buy articles to that amount, but that the property was worth as much as when it was bought. The damages were assessed at one dollar. The lease was put in evidence. The referee further found that appellant was entitled to a less favorable judgment than that tendered to him before the trial.

The findings and conclusions of the referee were substantially confirmed by the trial court. That was done by making new findings embodying the same conclusions as those reached by the referee, and the following, in substance: Plaintiff agreed in the lease to return to defendant all the personal property covered by the lease, in equal number, kind, and quality. Plaintiff vacated the leased premises at the termination of his tenancy and delivered possession thereof, with most of the chattels mentioned in the complaint, for the purpose of complying with the requirement of the lease that the lessee should make good to the lessor all property covered by the lease, at the termination thereof. The articles covered by the referee's finding were in excess of what defendant was entitled to recover. Judgment was rendered accordingly, costs being awarded to plaintiff up to the time of the tender, and subsequent thereto to the defendant. The plaintiff appealed.

*Joseph B. Doe*, for the appellant.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

Bourda vs. Jones.

MARSHALL, J.   It is insisted that there was no evidence
showing that appellant was not the owner and entitled to
recover the property he claimed; that his alleged cause of
action was *prima facie* established, and that there was no
competent evidence to the contrary.   That contention is
based on the idea that the list of property produced and re-
ceived in evidence, said to be a correct inventory of the
property in the hotel when appellant took possession in 1897,
and the inventories of the property found in the hotel after
appellant left it in 1898, were improperly received in evi-
dence.   In that, counsel for appellant is in error.   The in-
ventory of 1896 was fairly shown to have been accepted as
the inventory required by the lease to be taken on or before
May 12, 1897.   It was sufficiently verified to be admissible
as part of the evidence of A. W. Jones, as was also the in-
ventory taken by him in 1898, and the tabulation showing
the excess of articles then in the hotel over what the lease
required appellant to deliver to respondent.   The same is
true of the inventory made by Miss Jones.   So the situation
was that there was evidence on the side of respondent quite
as satisfactory as on the side of appellant.   We are unable
to discover any basis for the claim confidently made by
counsel for appellant that his case was clearly established
and that the defense was wholly unsupported, except the
assumption that the verified inventories and the tabulation
of the result of comparing the inventory of the property re-
spondent's witnesses said appellant received and that of the
property he returned, were improperly received in evidence.
The several lists received in evidence as part of the testi-
mony of respondent's witnesses were quite as well verified
as the list put in evidence by appellant to substantiate his
claim.   The lists on both sides were made and verified in
substantially the same way and were received in evidence
in connection with and as a part of evidence of witnesses
who made them, under the same rule.   They were not re-

ceived as independent instruments of evidence. They were used for the purpose of aiding the witnesses who testified to their correctness in giving evidence of facts within their knowledge, or that were within their knowledge when the lists were prepared or the memoranda were made from which the lists were compiled. A witness, in testifying, may properly use a memorandum which he knew when made, or by subsequent verification thereof, to be correct, even though he does not possess present remembrance of the correctness of the matters referred to therein, after seeing the paper and examining it, and even though the writing is not one that the witness made himself. In such a case, if the witness, after using the paper to refresh his memory, cannot state the facts readily from personal recollection, but can state that he knows the paper was in accordance with the truth when it was made, it may be put in evidence as a part of his testimony. Jones, Ev. §§ 877–886, inclusive. We see no reason why the referee was not warranted in receiving in evidence all the verified lists upon both sides and giving such weight thereto in connection with the other evidence as he believed the same were entitled to, and in finally concluding that the evidence produced by respondent, in respect to the amount of property plaintiff was entitled to, was in accordance with the truth, and in deciding accordingly.

It is said there was error in finding that there was an offer of judgment which was more favorable to appellant than the final decision, because the offer was not introduced in evidence. The learned counsel must have failed to read sec. 2789, Stats. 1898, under which the offer was made. That provides that the offer, if not accepted, cannot be put in evidence or considered on the trial, but that notice shall be taken of it in determining whether the party to whom judgment is offered, in case he recovers, is entitled to full costs or only costs up to the date of the offer. There can be no

controversy but that the offer of judgment was actually served. It has an admission of service indorsed upon it by appellant's counsel. The fact that the case proceeded to trial after the offer was made is ample evidence that it was refused. The paper was a proper instrument to be in the files of the case, and when it was called to the attention of the referee it was his duty to recognize the effect thereof under sec. 2789, as he did.

Complaint is made because the referee did not allow appellant at least all the property specified in the offer of judgment. At this point counsel seems to recognize the fact that the existence of the offer of judgment could not properly be entirely overlooked. The answer to his proposition, however, that the referee should have considered it in determining the facts, is that the statute expressly prohibits such consideration. When an offer of judgment is made under sec. 2789, and is refused, it drops entirely out of the case till the final conclusion is reached on the facts, and then it must necessarily be considered in determining the question of costs.

It is contended that the evidence of value on the part of plaintiff was clear, satisfactory, and undisputed, and that there was no evidence whatever to warrant the court in finding the value at $50 or any less than the amount indicated by the testimony of plaintiff. We are unable to find the clear and satisfactory evidence spoken of. Appellant testified that the property, though it had been in use in a hotel from one to five years, was worth as much as when new, and his values were put upon that basis. The evidence was clear, to be sure, but clearly outside the realms of all reasonable probabilities. It has often been said that courts and juries are not obliged to find that a fact exists, and cannot properly do so, merely because there is evidence to that ef fect from the mouth of a witness or any number of witnesses. A sworn statement, which is obviously false when viewed

in the light of reason and common sense and facts within common knowledge, cannot be received in court as true because some witness wilfully or ignorantly or recklessly so testifies. *Badger v. Janesville C. Mills*, 95 Wis. 599; *Roth v. S. E. Barrett Mfg. Co.* 96 Wis. 615; *Flaherty v. Harrison*, 98 Wis. 559; *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 382. It is not infrequently supposed that a sworn statement is necessarily proof, and that, if uncontradicted, it establishes the fact involved. Such is by no means the law. Testimony, regardless of the amount of it, which is contrary to all reasonable probabilities or conceded facts — testimony which no sensible man can believe — goes for nothing; while the evidence of a single witness to a fact, there being nothing to throw discredit thereon, cannot be disregarded. If it is the only evidence in respect to the fact involved, it is ordinarily deemed sufficient to establish such fact. *Engmann v. Estate of Immel*, 59 Wis. 249. Where the value in controversy relates to an article, the value of which is within common knowledge, the fact may be found by court or jury without direct testimony thereto, the article being sufficiently described by evidence to enable one to apply to it common knowledge of value. At the same time, evidence of witnesses, though uncontradicted, placing the value of an article beyond all reason, should be entirely ignored. *Hossler v. Trump*, 62 Ohio St. 139. The court in that case, to illustrate, suggested that evidence that labor, ordinarily worth $3 per day as a matter of common knowledge, is worth $100 per day, is not entitled to any consideration. If there is anything that is within common knowledge, it is that the value of household furniture and utensils that have been in use for a number of years, however well the same may have been cared for, is largely below the value thereof when new. The testimony of appellant that his property was worth as much as when new, did not prove or tend to prove the true value. So the referee, without any accurate description of

Bourda vs. Jones.

the property or its condition, was left to guess at the value thereof. The burden of proof was on plaintiff. His case was submitted on the issue of value for a judicial guess, and it is considered that he cannot complain of the result. This court is certainly in no better position to know the truth than the referee was. As we view it, there was practically a failure of proof on the subject of value.

A further complaint is made because the court assessed appellant's damages, for the wrongful detention of the property, at $1, in the face of his evidence that such damages amounted to $200. On this point we might repeat what has been said in regard to determining a fact in controversy where there is no credible evidence in regard to it. According to appellant's evidence, viewing it with reference to the property he recovered, his damages for the wrongful detention thereof were about four times what the court found its value to be, and well up to the value that by any possibility could have been established by proof; yet he said that if he recovered the property it would be worth substantially as much as when new.

No special damages were claimed in the complaint or established by the evidence, so the proper rule required the referee to allow, as damages, interest upon the value of the property while the wrongful detention thereof continued. *Bonesteel v. Orvis,* 22 Wis. 522; *Bigelow v. Doolittle,* 36 Wis. 115; Wells, Replevin, § 537. That was overlooked by the referee and by the trial court, but the loss to appellant thereby is too trifling to justify regarding the error as substantially prejudicial to him.

Some other points are referred to by counsel, but we have noticed all that seem to be regarded as of special significance. We are unable to discover any reversible error in the record.

*By the Court.*— Judgment is affirmed.