QUASS, Respondent, vs. MILWAUKEE GAS LIGHT COMPANY,
Appellant.

*February 6—March 4, 1919.*

*Negligence: Escape of gas: Explosion: Liability of gas company:
Res ipsa loquitur: Verdict based on conjecture: Evidence:
Conclusiveness.*

1. In an action for injuries caused by an explosion of gas which
   had escaped into the basement of a dwelling house there was
   no evidence showing or tending to show that the gas escaped
   from any pipe or appliance under the control of the defendant
   gas company or that there was any negligence on defendant's
   part; and, it appearing that the gas might have escaped from
   pipes and appliances not under defendant's control, the doc-
   trine of *res ipsa loquitur* does not apply so as to show liability
   of the defendant.
2. A verdict based on mere conjecture cannot stand.
3. Testimony which is uncontradicted, not against established
   facts or reasonable probabilities, and in no way discredited
   must be accepted as true by the jury.

APPEAL from a judgment of the circuit court for Mil-
waukee county: W. B. QUINLAN, Judge. *Reversed.*

For the appellant there was a brief by *Miller, Mack &
Fairchild,* and oral argument by *J. G. Hardgrove,* all of Mil-
waukee.

For the respondent there was a brief by *Julius E. Kiefer,*
attorney, and *Horace B. Walmsley,* of counsel, both of Mil-
waukee, and oral argument by *Mr. Walmsley.*

KERWIN, J.   This action was brought to recover for per-
sonal injuries and loss of property occasioned by an ex-
plosion in February, 1917, causing a fire in the dwelling
house of one Mrs. Henn, where plaintiff roomed and
boarded, at No. 1129 Twenty-first street, in the city of Mil-
waukee.   The dwelling house in question was a two-story
building, the first floor being occupied by Mrs. Henn and the
second floor rented.   Gas was conducted from the street

main into the basement by a single service pipe. The jury found that gas escaped into the basement from pipes or appliances under the defendant's control and that the explosion resulted from such escape of gas. The main contention of the appellant is that the findings of the jury are unsupported by the evidence, and that a verdict for defendant should have been directed.

Plaintiff testified that when he opened the door leading to the basement with a lighted lamp in his hand the explosion occurred. The uncontradicted evidence shows that the building in question was a two-story building resting upon posts, the basement being merely boarded up; that there was one service pipe leading from the street connected to two meters, one for each floor; that the explosion occurred on Monday morning; that there was no noticeable odor of gas in the house Sunday at 10 a. m.; that no proof as to presence or absence of gas odor in any part of the basement after Sunday at 10 a. m. was made and no noticeable odor of gas on the first floor Sunday evening at 8 o'clock; that there is no proof as to when the gas began to escape; that there was a strong stench of gas on the first floor at 3 o'clock Monday morning and the explosion occurred about 3:20; that the only way gas could have escaped into the basement was through five feet of gas pipe owned and controlled by defendant, or from 180 feet of house piping not under the control of the defendant; that the outer walls of the first floor were practically all torn out by the explosion, and the outer walls of the second floor and basement not so seriously injured by the explosion. One Poehl, an employee of the defendant, testified that on Saturday at noon before the explosion he turned off the upstairs meter, the tenants on the second floor having moved out, but that he did not touch the downstairs meter. The weather at the time of the explosion was extremely cold, the thermometer being about eight below zero.

A careful examination of the record convinces us that there is no proof showing, or tending to show, that the gas

escaped from any gas pipe or appliance under the control of the defendant, and that no negligence whatever on the part of the defendant was shown. Counsel for respondent do not claim that there is any direct proof, but insist that the jury had a right to infer from all the facts and circumstances in the case that the gas escaped from appliances under the control of the defendant, and that the doctrine of *res ipsa loquitur* applies. There is no basis in the evidence for such contention. To hold that this verdict can be sustained on the evidence is simply to allow the jury to find on mere conjecture, and it is well settled in this court that a verdict based upon conjecture cannot stand.

It is equally well settled that the doctrine of *res ipsa loquitur* does not apply in the instant case. Counsel rely upon *Carroll v. C., B. & N. R. Co.* 99 Wis. 399, 75 N. W. 176. That case does not support respondent's contention. There the evidence showed that a window in defendant's office, where employees were usually paid, fell, and that it could not have fallen had the catch been properly fastened. It appeared that the window fastening was in perfect condition, and that it could not have dropped had the defendant's servant handled it carefully; therefore the fact that it did drop showed that he did not handle it carefully. The court quotes from *Cummings v. Nat. F. Co.* 60 Wis. 603, 18 N. W. 742, 20 N. W. 665, with approval as follows:

"When the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

A great many cases are cited and discussed by counsel for respondent not only in this state but in other jurisdictions respecting *res ipsa loquitur* doctrine. We cannot see that they have any application here. In the instant case the explosion may have been caused by escape of gas from the

pipes and appliances not under the control of the defendant, and the cause of the explosion in no way chargeable to the defendant, hence the doctrine of *res ipsa loquitur* has no application. *Musbach v. Wis. C. Co.* 108 Wis. 57, 84 N. W. 36; *Strehlau v. John Schroeder L. Co.* 142 Wis. 215, 125 N. W. 429; *Galst v. American L. Co.* 165 Wis. 307, 162 N. W. 319.

It is argued by counsel for respondent that, because the evidence shows that Poehl turned off the upper meter and after the fire the projecting flange of the inlet cock to the lower meter was found broken, the jury was entitled to find that Poehl did touch the lower meter, although he testified positively that he did not. There is nothing in the case to discredit Poehl's testimony or render it improbable. It is uncontradicted, not against established facts or reasonable probabilities, and in no way discredited. Therefore the jury were bound to accept the evidence of Poehl as true. *Engmann v. Estate of Immel,* 59 Wis. 249, 18 N. W. 182; *Bourda v. Jones,* 110 Wis. 52, 85 N. W. 671; *Daniels v. Foster,* 26 Wis. 686.

We deem further discussion of this case unnecessary. It is clear that there was no sufficient evidence to carry the case to the jury, hence a verdict should have been directed for the defendant.

Other questions are discussed by the appellant as grounds for reversal, but in our view of the case it is unnecessary to consider them.

*By the Court.*—Judgment is reversed, and the cause remanded with instructions to dismiss the complaint.