LUTZENBERGER, Appellant, vs. THE MILWAUKEE ELECTRIC
RAILWAY & LIGHT COMPANY, Respondent.

*January 15—February 9, 1937.*

For the appellant there was a brief by *Mario Megna, Jr.,* and *William Shapiro,* attorneys, and *Joseph A. Padway* of counsel, all of Milwaukee, and oral argument by *Mr. Padway* and *Mr. Shapiro.*

For the respondent there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat.*

ROSENBERRY, C. J.   The jury found that the plaintiff fell in the aisle of the car in question by reason of the fact that the defendant's motorman in charge of the operation of the car suddenly increased the speed of the car with an unusually violent jerk.   The defendant contends that there is no evi-

dence to sustain the verdict. In setting aside the answers to the relevant questions in the verdict, the trial court said:

"While there is great conflict in the evidence, there is some difficulty in fitting the plaintiff's theory of the accident to the physical facts.

"No jerk of the car could cause the plaintiff to fall backwards and strike the back of her head on the floor of the car, except a sudden forward jerk. Such a jerk could not be caused by the application of the brakes. The use of the brakes would retard the motion of the car. Their sudden application to the moving car would tend to cause her to fall forward. Therefore, if any jerk resulted from the sudden application of the brakes it would not cause the plaintiff's fall nor the injury of which she complains. The release of the brakes would tend to increase the speed of the car but could not cause a jerk. Therefore, plaintiff's injury was not caused either by the application or the release of the brakes."

On the trial a witness for the plaintiff testified:

"The car was nearing the corner and the motorman slackened the car and it moved very slowly and I should judge about ten feet from the corner the car almost came to a stop when he gave a very severe jolt and Mrs. Lutzenberger fell backward in the car. . . . It was a very unusual jerk, a very hard jolt. . . ."

On cross-examination she testified:

"It almost came to a stop and then made the jolt."

Plaintiff testified: "I stepped into the aisle and immediately upon stepping into the aisle I was thrown by this severe jolt and jerking of the car. Both of my feet were thrown from under me and I was thrown with great force upon my back. . . . I struck my head and my entire body. . . .

"I had been on streetcars like this one before this one. There would be a certain amount of jerking in the motion of the car, but nothing like this jolt. I never experienced anything like that before."

On cross-examination plaintiff testified:

"I fell directly backwards on the floor of the car. . . . My head did come in contact with the floor of the car."

The motorman testified that there were two ways by which the car could be given a sudden quick forward motion: (1) By turning on the power. He denied that the power was turned on and there was no evidence that it was. (2) By releasing the brakes suddenly "depending on how fast you are going and how much air you get on the brakes before you release." He testified that with that particular grade and kind of car he could not give the car a jerking forward motion by releasing the brakes from where he started to brake the car. He said:

"The degree of jerk would depend upon the speed. If I were going fast and intended to bring the car to a more abrupt halt, then the jerk would be greater."

If the testimony given on behalf of the plaintiff, uncontradicted either by the testimony of other witnesses or by the established physical facts, supported the verdict, then there was a question for the jury. *Industrial Co-operative Union v. Lewis* (1921), 174 Wis. 466, 182 N. W. 861.

It is not sufficient that the witnesses merely describe the jerk as unusual or extraordinary. There must be some corroborating circumstance. *Hanley v. Milwaukee E. R. & L. Co.* (1936) 220 Wis. 281, 263 N. W. 638. The fall of the plaintiff is such a corroborating circumstance in this case.

There is no dispute but that the plaintiff fell. Witnesses for the defendant claim that she sat down backwards. She and Miss Miller claim that she fell full length. Plaintiff claims that her head and back hit the bottom of the streetcar. Miss Miller says that plaintiff's back struck the side of the seat.

We have not attempted to set out all of the evidence. No doubt the evidence strongly preponderates in favor of the defendant's position. The question here is, Is there credible evidence to sustain the verdict? If there is, even though it be contradicted and the contradictory evidence be stronger and more convincing, nevertheless the verdict of the jury must

stand. The credibility of witnesses and the weight of the evidence are for the jury. The court does not retry the question. The court merely ascertains whether there is credible evidence to sustain the verdict. It must be held within the established rule that there was. The trial court therefore was in error in setting aside the answers to the questions in the special verdict.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to reinstate the verdict and enter judgment upon it in favor of the plaintiff.