RUMARY, Respondent, vs. LIVESTOCK MORTGAGE CREDIT CORPORATION, Appellant.

*February 13—March 12, 1940.*

For the appellant there were briefs by *Lyman K. Arnold* of Elkhorn, attorney, and *Waugh & Schroeder* and *Paul W.*

*Schroeder,* all of Chicago, Illinois, of counsel, and oral argument by *Mr. Arnold* and *Mr. Paul W. Schroeder.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* attorneys, and *Thomas W. Ehrlinger* of counsel, all of Janesville, and oral argument by *Mr. Ehrlinger.*

ROSENBERRY, C. J.    On April 23, 1934, the plaintiff executed a chattel mortgage for $350 to the defendant, Livestock Mortgage Credit Corporation, hereinafter called the "corporation."    The mortgage covered the plaintiff's farm stock and farm machinery.    Contemporaneously, the plaintiff directed the Fort Atkinson Creamery Company to pay the defendant $10 per month out of plaintiff's monthly milk check.    The plaintiff was unable to comply with the conditions of the mortgage, and on December 12, 1934, the defendant by its agent took possession of the stock and disposed of it at private sale without complying with the provisions of the law relating to the sale of chattel mortgaged property.    (Secs. 241.13, 241.135, Stats.)    The defendant claims that the property was taken with the consent of the plaintiff and disposed of at private sale by his direction. The plaintiff alleged that the property was taken without his consent.    He sought to recover damages for conversion of the chattel-mortgaged property and for loss brought about by the forced sale of his farm because of the unlawful seizure of the personal property.

The jury found the property was taken without the consent of the plaintiff; that the fair market value of the farm machinery and equipment was $300; that the fair market value of the cows was $710; that the fair market value of the horses was $225; that the removal of the personal property by the defendant caused the foreclosure of the real-estate mortgage upon the farm of the plaintiff, as a result of which he was compelled to sell it at a loss of $650.    The

plaintiff had judgment for the amounts found by the jury, less $18.60, the value of feed furnished by the defendant before the conversion.

Upon this appeal the defendant contends that plaintiff did not establish the fact that one Anderson, who took possession of the property, was the agent of the corporation. This contention is without merit, and we shall not further consider it, the proof in that respect being ample to support the jury's finding.

The defendant also claims that the findings of the jury as to value are not supported by the evidence. We have carefully examined the record in this case. There is ample evidence to support the findings of the jury as to value of the farm machinery, livestock, and the farm.

We are unable, however, to find in the record evidence which supports the finding of the jury that the taking of the livestock and machinery was the cause of the commencement of the foreclosure of the real-estate mortgage which the plaintiff claims forced him to sell his farm at a loss. There is nothing in the record which sustains this inference except a mere sequence of events. The property was seized in December, and the foreclosure was begun the following April. The plaintiff had inherited the farm. The evidence is ample that he was in straitened circumstances, unable to purchase food for his stock, and that at least one instalment of interest was long past due. There was an eight-hundred-dollar mortgage on the farm in 1932. In addition to borrowing $350 from the defendant in 1934, the plaintiff had placed a second mortgage of $300 upon the real estate. While it is true, as plaintiff contends, that facts may be established by circumstantial evidence, the circumstances must be such that the existence of the fact is not left in the field of speculation and doubt. *Quass v. Milwaukee G. L. Co.* (1919) 168 Wis. 575, 170 N. W. 942. See also *Bruins v. Brandon Canning Co.* (1934) 216 Wis. 387, 402, 257

N. W. 35. Many foreclosures have been begun against farmers in less straitened circumstances than was the plaintiff, although there had been no foreclosure of a mortgage upon the personal property. We do not determine whether in a proper case such damages are too remote and consequential to be the basis of a recovery, for in this case we find no evidence which permits of the inference that the seizure of the personal property was in a legal sense the cause of the foreclosure proceeding against the farm.

Other assignments of error are made which do not merit discussion.

The property having been taken without the consent of the mortgagor, there being no attempt to comply with the statute relating to foreclosure of chattel mortgages, the defendant is clearly liable as and for conversion, and no question is raised in respect to that issue.

The defendant further claims that the court was in error in allowing interest from the time of conversion to the time of the judgment. In this aspect the case is ruled by *J. I. Case Plow Works v. Niles & Scott Co.* (1900) 107 Wis. 9, 82 N. W. 568. See also *Necedah Mfg. Corp. v. Juneau County* (1932), 206 Wis. 316, 334, 237 N. W. 277, 240 N. W. 405.

*By the Court.*—The judgment appealed from is modified by striking therefrom the item of $650 with interest thereon from the time of the verdict to the time of the judgment, and, as so modified, is affirmed, defendant to have its costs in this court.