MOSSAK, Appellant, vs. PFOST, by Guardian *ad litem,*
Respondent.

*November 8—December 5, 1950.*

For the appellant there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *Leonard P. Baumblatt*.

*Vilas H. Whaley* of Racine, for the respondent.

GEHL, J.    The plaintiff contends (1) that the jury's finding that defendant acted in self-defense is not sustained by the evidence; (2) that there was error in the instructions in that the court improperly placed the burden of proof that the defendant did not act in self-defense upon the plaintiff; and (3) that the jury's finding that plaintiff suffered no damages renders the verdict perverse.

(1). We have set forth enough of the conflicting testimony of the parties to demonstrate that it made an issue for the jury.  Obviously, the jury believed defendant's testimony, corroborated by that of a neighbor, that he made no assault upon plaintiff until she had hit him over the back with a club.  The familiar rule, often declared by this court, that

where there is credible evidence to support a finding of a jury we may not disturb it, needs no citation of authorities.

(2) The instruction was erroneous. But we may not consider the error; it was not specifically pointed out by the plaintiff in her motions for a new trial as a ground therefor. *Norton v. State,* 129 Wis. 659, 109 N. W. 531.

(3) We cannot say that the jury's findings that the defendant acted in self-defense and that he used no more force than was reasonably necessary to defend himself were not the result of honest judgment. Therefore, its finding as to damages has no weight in the consideration of a claim of perverseness. *Schuster v. Bridgeman,* 225 Wis. 547, 275 N. W. 440. In the consideration of that question some weight must also be given to the trial judge's opinion. *Olsen v. Brown,* 186 Wis. 179, 202 N. W. 167. He found no evidence of perversity; nor do we.

Obviously the jury refused to accept plaintiff's testimony concerning her alleged injury. Although she claimed to have been treated by several doctors, none of them was called to testify. Nor did she offer any other corroboration of her claim.

*By the Court.*—Judgment affirmed.