STARRY, Special Administrator, Respondent, vs. E. W. WYLIE COMPANY, Appellant.*

*May 6—June 8, 1954.*

* Motion for rehearing denied, with $25 costs, on October 5, 1954.

260

For the appellant there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns*.

For the respondent there was a brief by *Wayne B. Schlintz* of Viroqua, and *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp*.

BROWN, J.  If the form of the questions was erroneous the error is immaterial, for any clarification of it and any answer thereby rendered more definite and certain would not change the result of the trial since plaintiff's recovery depends first of all on a finding that defendant's driver was guilty of causal negligence. The jury found him not guilty. That requires the dismissal of plaintiff's action regardless of any questions or any findings respecting Starry's contributory negligence. The trial court's first ground for directing a new trial cannot be sustained.

The second ground of the order is "In the interest of justice." Sec. 270.49 (2), Stats., provides:

"Every order granting a new trial shall specify the grounds therefor.  In the absence of such specification, the order shall

be deemed granted for error on the trial. *No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein. The court may grant or deny costs to either party."* (Emphasis supplied.)

It is evident that the order does not set forth the court's reason as directed by the statute. Accordingly, we are compelled to hold that the order is void.

Plaintiff's motion for review asks us to consider the entire record and then, on our own motion order a new trial in the interest of justice, as sec. 251.09, Stats., permits us to do. Examination of the record reveals to us nothing material which was not presented to and passed on by the jury. The testimony of Kegley, that in his estimation defendant's driver was exceeding the speed limit would have sustained a finding to that effect if the jury had chosen to credit the testimony. But the jury did not so find and the jury is the judge both of the credibility of the witnesses and the weight to be given to their evidence. *Jolitz v. Fintch* (1938), 229 Wis. 256, 261, 282 N. W. 87; *Lutzenberger v. Milwaukee E. R. & L. Co.* (1937), 224 Wis. 44, 48, 271 N. W. 409. Just before the collision Kegley was 1,000 feet away, at night, and traveling in the same direction as the other two automobiles. He saw no brake lights, though the tractor-trailer's brakes were applied. The jury chose not to believe or give weight to his estimate and that was within its province. The trial court noted no objection to the jury's answer concerning defendant's speed, and its memorandum shows that it thought the interests of justice were prejudiced only because of the form of the verdict dealing with Starry's contributory negligence.

Our study of the record leaves us in the dark as to the cause of this accident. The jury found that it was the result of the sudden slowing or stopping of Starry's automobile without a signal when he reached the highway intersection.

There is no direct evidence in support but if we discard those answers as based on speculation there still was no other evidence which the jury was bound to believe on which to found a different explanation. The burden of proof of defendant's negligence is on the plaintiff and she has not been able to produce that proof to the satisfaction of the jury. We would have to indulge in much speculation of our own to hold that the fault lay here with defendant's driver rather than with plaintiff's intestate. We regard this as a question of fact on which the jury's verdict respecting defendant's negligence is conclusive.

*By the Court.*—Plaintiff's motion for review denied. Order granting plaintiff's motion for new trial reversed. Cause remanded with directions to reinstate the verdict and enter judgment dismissing the complaint.

BROADFOOT, J. (*dissenting*). This case arose out of a very unusual accident and ended with a very peculiar verdict. The occupants of both vehicles were killed. There was one eyewitness who was driving his automobile in the same direction as the police car and the transport truck, who testified that he was about 1,000 feet away at the time of the accident. He testified that the truck was going approximately 55 miles per hour just prior to the collision. He was not impeached and his testimony was uncontradicted. This situation brings to mind a rule illustrated by the following quotations:

"The first point taken is that the execution of the note was not proved, and that the circuit judge erred in instructing the jury as follows: 'You have heard the testimony of Mr. Frisby about the note, as to the genuineness of the signature. His testimony is uncontradicted, and unless there is something in the case which casts discredit on his testimony, you are bound to accept it as true.' . . .

"This instruction would seem to be a self-evident proposition. It is the same as telling the jury that they must find according to the uncontradicted evidence, unless such evi-

dence was discredited in some way. The instruction might have been made still stronger and it would have been strictly correct." *Engmann v. Estate of Immel,* 59 Wis. 249, 251, 252, 18 N. W. 182.

"There is nothing in the case to discredit Poehl's testimony or render it improbable. It is uncontradicted, not against established facts or reasonable probabilities, and in no way discredited. Therefore the jury were bound to accept the evidence of Poehl as true. *Engmann v. Estate of Immel,* 59 Wis. 249, 18 N. W. 182; *Bourda v. Jones,* 110 Wis. 52, 85 N. W. 671; *Daniels v. Foster,* 26 Wis. 686." *Quass v. Milwaukee G. L. Co.* 168 Wis. 575, 578, 170 N. W. 942.

"This testimony, standing alone, was sufficient to locate the quarter post at the point A, and if the jury was bound to believe it they were unwarranted in finding that the true quarter corner was at point Y. They could not disregard it or disbelieve it unless the record contained evidence impeaching it." *Fehrman v. Bissell Lumber Co.* 188 Wis. 82, 86, 204 N. W. 582, 205 N. W. 905.

"There is not a word in the evidence that disputes either directly or by inference the testimony of Laufenberg and the president of the Co-operative Company as to the actual situation. Under that testimony Laufenberg was an independent contractor, not an employee of the Co-operative Company, and Lund was his employee, not an employee of the Co-operative Company. Respondent contends that the jury were not bound to believe these witnesses. We consider that they were. Their testimony was not inherently incredible, it was not impeached in any particular directly or by any circumstances. See *Zurn v. Whatley,* 213 Wis. 365, 370, 251 N. W. 435." *Schulz v. General Casualty Co.* 233 Wis. 118, 129, 288 N. W. 803.

In the face of this uncontradicted testimony the jury found the truck driver was not negligent as to speed, although the speed limit for a truck of that size was 45 miles per hour. In addition the jury found Curtis Starry causally negligent

with respect to suddenly stopping or suddenly decreasing his speed in the path of the following vehicle without giving a proper signal of his intention to suddenly stop or suddenly decrease his speed. There is not a scintilla of evidence in the record to sustain these findings. From the record it is difficult to see how the jury arrived at its conclusions. The result is so peculiar that this would seem to be a case where this court should exercise its discretionary power and grant a new trial. The majority is correct in reversing the trial court's order for a new trial because it did not state sufficient reasons therefor. However, its determination that there should be a new trial is an additional ground why this court should exercise its discretionary power.

I am authorized to state that Mr. Chief Justice FAIRCHILD and Mr. Justice CURRIE concur in this dissent.