WILLENBRING, by Guardian *ad litem,* and another, Respondents, v. BORKENHAGEN, Appellant.

*December 2, 1965—January 4, 1966.*

466

For the appellant there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondents there was a brief by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo, and oral argument by *Vaughn S. Conway.*

BEILFUSS, J.   Because we reverse on the first ground and reinstate the jury's verdict, we do not consider the requests for new trial.   The sole issue considered on this appeal is whether the trial court was justified in changing the jury's determination of respondent's negligence, so as to find no negligence on her part.

It is undisputed that a minor seven years old or older is capable of being negligent. Sec. 328.44, Stats.   We have often pointed out, "The degree of care required of a child depends upon his age, capacity, discretion, knowledge, and experience." *Rossow v. Lathrop* (1963), 20 Wis. (2d) 658, 663, 123 N. W. (2d) 523. See also *Blahnik v. Dax* (1963), 22 Wis. (2d) 67, 125 N. W. (2d) 364; *Brice v. Milwaukee Automobile Ins. Co.* (1956), 272 Wis. 520, 76 N. W. (2d) 337. The record is void of any evidence to suggest that Mary Lou was of less than normal capacity and discretion.   Her age is such that in the eyes of the law she is expected to exercise some degree of mature judgment.   The trial court concluded that because of Mary Lou's lack of experience with horses she had no knowledge of their natural propensities and that this, coupled with the desire of a child of her age to go about her affairs unsupervised, was sufficient to compel a finding that she was not negligent.

Certainly, Mary Lou's experience with horses had been such that she should have been aware of some of the hazards in horseback riding (even though there is no evidence that the horse was unmanageable or erratic).

From the evidence presented the jury could have concluded that Mary Lou had sufficient knowledge to require

her to accept the services of a guide, which services were included in the rental price. She knew that on both her trips to the Borkenhagen stable she had been advised to accept a guide. She knew that she was not an experienced horsewoman. She knew that she had been unable to make her horse respond to her commands just one week prior to the date of the accident. She knew that she had never been on the wooded trails at the Borkenhagen stable, and that she knew nothing of their nature and condition. She also knew that Mrs. Borkenhagen had mentioned the recent trouble with riders who had refused guides. Finally, she knew that Mrs. Borkenhagen was concerned enough to disclaim any liability for resulting injuries.

It being axiomatic that every person has a duty to use ordinary care for his own safety, *Cordula v. Dietrich* (1960), 9 Wis. (2d) 211, 101 N. W. (2d) 126, the jury could have found on the basis of the evidence presented that Mary Lou was causally negligent in failing to avail herself of the guide services offered.

The test to be applied when reviewing a change of answer is clear and well settled, and has been stated in *Bleyer v. Gross* (1963), 19 Wis. (2d) 305, 307, 120 N. W. (2d) 156:

"The rule is well established that a verdict or a finding of a jury will not be set aside or disturbed, 'if there is any credible evidence which under any reasonable view fairly admits of an inference that supports the jury's finding.' *Van Galder v. Snyder* (1948), 254 Wis. 120, 123, 35 N. W. (2d) 187. [Footnote omitted.] 'The familiar rule, often declared by this court, that where there is credible evidence to support a finding of a jury we may not disturb it, needs no citation of authorities.' *Mossak v. Pfost* (1950), 258 Wis. 73, 75, 44 N. W. (2d) 922. It should be further pointed out, 'on review this court must accept the credible evidence most favorable to sustain the verdict.' *Dickman v. Schaeffer*, . . ."

Or, as the late Chief Justice ROSENBERRY stated it in *Lutzenberger v. Milwaukee E. R. & L. Co.* (1937), 224 Wis. 44, 47, 48, 271 N. W. 409:

". . . The question here is, Is there credible evidence to sustain the verdict? If there is, even though it be contradicted and the contradictory evidence be stronger and more convincing, nevertheless the verdict of the jury must stand. The credibility of witnesses and the weight of the evidence are for the jury. The court does not retry the question. The court merely ascertains whether there is credible evidence to sustain the verdict. . . ."

Since the record contains evidence from which the jury could have concluded that Mary Lou was negligent, it was error for the trial court to change the jury's determination. The verdict must be reinstated. For this reason we deem it unnecessary to consider the grounds for new trial raised in the alternative by appellant.

*By the Court.*—Judgment reversed, and cause remanded with directions to reinstate the verdict and enter judgment upon the verdict as reinstated.

HALLOWS, J. (*dissenting*). I would affirm because I agree with the trial court that this plaintiff, a fourteen-year-old city girl should not be held negligent for not accepting a guide. In this mechanical age a fourteen-year-old minor knows more about automobiles than she does of the characteristics of riding horses. The degree of judgment a fourteen-year-old child can be charged with is not the mature judgment of an adult but the judgment of an ordinary prudent child of fourteen years. Almost daily we see children taking thrill rides at carnivals and fairs which many adults would not do. I think it would be a rare exception for a fourteen-year-old girl to accept the offer of a guide to go horseback riding. If the defendant was having accidents and trouble with his horses as the testimony shows, it was his duty in renting horses to the public to insist upon a guide. We should not charge negligence to a fourteen-year-old for failure to accept an offer, which in the nature of things would not normally be accepted.