Claude H. SYLVESTER, Plaintiff,

v.

Earl R. MEDITZ and Allstate Insurance Company, a foreign insurance corporation, Defendants.

No. 64–C–325.

United States District Court
E. D. Wisconsin.

Jan. 26, 1968.

Adrian P. Schoone, Racine, Wis., for plaintiff.

Alan M. Clack, Milwaukee, Wis., for defendants.

## OPINION AND ORDER ON MOTIONS AFTER VERDICT

REYNOLDS, District Judge.

This personal injury action arose from the collision of two trucks on Highway I–94, a four lane divided highway. Both vehicles were in the southbound lanes when the Sylvester truck skidded on some ice and spun at least 180 degrees so that Sylvester was facing north when he came to a stop. The Meditz semi-trailer, which was following the Sylvester vehicle, collided nearly head on with Sylvester.

The jury found both parties negligent. The jury also found that Sylvester's negligence was not "a substantial factor in causing the collision" and that Meditz's negligence was "a substantial factor in causing the collision."

Meditz claims that the court should change the jury's answer to find that Sylvester's negligence was causal as a matter of law and that the causal negligence of the parties was equal as a matter of law. Alternatively, Meditz asks for a new trial. Sylvester has moved for judgment in accordance with the jury verdict.

The issue raised by the defendants in moving for change of answers in the jury's verdict or alternatively for a new trial is whether there is any credible evidence to support the findings of the jury. Willenbring v. Borkenhagen, 29 Wis.2d 464, 139 N.W.2d 53 (1966).

### CAUSATION

In order to find that Sylvester's negligence was causal as a matter of law, this court must conclude that no reasonable man could find as the jury did on the evidence presented on this question. This court is unable to make such a finding.

Rarely, if ever, is causation subject to direct proof by unassailable evidence. It is most often left to inferences from the structure of the accident as formed by the evidence. Meditz argues that the jury rejected the emergency doctrine. This court does not believe that it is proper to speculate on what the jury did or did not consider. This court does believe that the verdict was not only a reasonable one but a rational one.

The jury was instructed on the causation concept by means of the standard Wisconsin jury instruction. Wisconsin Civil Jury Instructions, § 1500. The jury was instructed that there could be more than one cause of a collision. However, the finding by the jury that Meditz's negligence was the sole cause of the accident was reasonably inferable from the evidence. The evidence showed that the Meditz vehicle was following more closely than the statute allowed assuming, as Meditz testified, that he did not intend to pass. Wis.Stats. § 346.14 (2). There is credible evidence in the record to require this court to sustain such a finding.

## DID THE COURT ERR IN INSTRUCTING THE JURY CONCERNING THE SAFETY STATUTE—§ 346.14(2)?

Section 346.14(2) of the Wisconsin Statutes provides that a truck having a gross weight of more than 10,000 pounds must follow other vehicles at a distance of no less than 500 feet unless it is in the process of overtaking and passing. That subsection further provides that a showing that such a truck has followed a vehicle for one mile or more at less than 500 feet is prima facie evidence that the operator of that vehicle has violated the statute.*

■ The Meditz vehicle, a ten ton truck, followed the Sylvester truck at a distance of 100 feet for three to four miles. The Meditz vehicle had passed other vehicles and was at times traveling in the left lane of the divided highway. Meditz testified that at no time did he intend to pass Sylvester or was he ever in the process of overtaking or passing the Sylvester vehicle. This court is of the opinion that sufficient evidence was presented to make a question of fact for the jury as to whether the statute was violated. It was consequently incumbent upon the court to instruct the jury concerning the statute. Therefore, the following instruction was given:

"You are instructed that a safety statute provides that no person shall follow another vehicle more closely than reasonable and prudent, having due regard for the speed of the vehicle, the amount of traffic, the road condi-

tions, and the opportunities for clear vision.

"This statute further requires the operator of the following vehicle having a gross weight of more than 10,000 pounds shall keep the vehicle he is operating at a distance of not less than 500 feet to the rear of any vehicle immediately preceding it, being driven in the same direction. The statute does not apply when the operator is overtaking and passing another vehicle, but the fact that the operator follows the preceding vehicle more closely than 500 feet for one mile or more is prima facie evidence that the operator of the following vehicle violated the statute."

■ The defendant argues that the statute is inapplicable to double lane highways, such as I–94. This court cannot agree since it would have been easy for the legislature to have an exception for double lane highways in the statute itself. The statute does make an exception with respect to lanes specially designated for use by trucks. However, there is no evidence in this case that I–94 has lanes specially designated for use by trucks.

■ The defendant further argues that the entire history of the statute, as it relates to trucks, is to prevent slow moving and heavy vehicles from bunching up together to a point where fast moving vehicles cannot pass them. The defendant cites the case of Christman v. Weil, 196 Md. 207, 76 A.2d 144 (1950), as authority for this view of the policy underlying the statute. However, the

---

* § 346.14(2), Wis.Stats.—
"Upon a highway outside a business or residence district, the operator of any motor truck with a gross weight of more than 10,000 pounds or of any motor vehicle which is drawing or towing another vehicle where the combined gross weight is more than 10,000 pounds shall keep the vehicle he is operating at a distance of not less than 500 feet to the rear of any vehicle immediately preceding it, being driven in the same direction. This subsection does not apply upon any lane especially designated for use by motor

trucks or by truck tractor-semitrailer or tractor-trailer units nor does it apply when overtaking and passing another vehicle, but the fact that the operator of any vehicle or combination of vehicles mentioned in this subsection follows the preceding vehicle more closely than 500 feet for one mile or more or follows more closely than 500 feet when the preceding vehicle is moving at the maximum speed then and there permissible for such following vehicle is prima facie evidence that the operator of such following vehicle is violating this subsection."

Maryland statute is not as broad as § 346.14(2) of the Wisconsin Statutes. The Maryland law only applies to trucks following other trucks. Article 66½, § 169(b), 1947 Supplement, Annotated Code, page 1202; Christman v. Weil, supra. The Wisconsin statute applies to trucks following any other vehicle. This court is of the opinion that the Wisconsin statute was intended not only to allow for passing room between vehicles but also to prevent collisions which occur when trucks follow other vehicles too closely.

DID THE COURT ERR IN ALLOWING COUNSEL FOR THE PLAINTIFF TO QUESTION THE DEFENDANT MEDITZ AS TO QUESTIONS AND ANSWERS PURPORTEDLY PUT TO AND ANSWERED BY HIM IN A RECORDED STATEMENT?

■ The defendant Meditz was called to the witness stand adversely by plaintiff's counsel. At that time, the following took place:

"Q. On one occasion someone came to your home down in Indiana and asked you some questions and answers into a tape recorder; is that true?

"A. That's right.

"Q. Do you remember being asked this question—

"MR. CLACK: Just a moment. May we see the statement?

"MR. SCHOONE: I have made no reference to any statement as yet, Your Honor.

"MR. CLACK: You are saying 'were you asked these questions.' We have no idea what this is referring to and I don't think the witness has. The proper procedure is to show it to the witness and he can read it."

In chambers, plaintiff's counsel was asked the following question:

"THE COURT: Was the tape recording ever transcribed, reduced to writing?

"MR. SCHOONE: I frankly don't know, Your Honor. All the record will show, I am trying to establish from this man, is whether he made certain answers to certain questions. And if his answer is no, then my problem will be one of proving he did through other means. I don't know what his answer is going to be to this."

(Partial transcript of trial, filed October 30, 1967.)

■ The proper procedure for laying a foundation for impeachment by prior inconsistent statements made orally is to call the attention of the witness to the particular time and occasion when the witness purportedly made the statement. The witness should be informed "what the statements were and the conditions and circumstances under which they were made." 58 Am.Jur., Witnesses, § 779.

Plaintiff's counsel substantially followed this procedure in laying his foundation for impeachment. The witness admitted that he recalled the occasion of giving the tape-recorded statements. Although the witness testified that he did not make some of the statements attributed to him by plaintiff's counsel, no impeaching document was introduced or witnesses called for the purpose of impeachment. Under these circumstances this court fails to see where the defendant was prejudiced by the procedure. If the defense counsel felt that the jury members were getting the idea that the witness in fact made the statements that he denied making, the matter could have been dealt with in closing argument. Defense counsel could have pointed out that his witness was not impeached and no evidence was introduced which even tended to dispute the defendant's testimony. The jurors were instructed that their verdict must be based solely on the evidence properly introduced during the trial. This court has not been convinced that the jury did otherwise.

### DID THE COURT ERR IN FAILING TO INSTRUCT THE JURY AS TO A DUTY OF THE PLAINTIFF TO SIGNAL?

The plaintiff apparently lost control of his vehicle when it hit a patch of ice. It came to a stop after it spun around in the roadway. If a duty to signal his slowing or stopping existed at this time for Sylvester, there is no evidence that this duty was not performed. There is no evidence that the Sylvester vehicle was not equipped with functioning brake lights at the time of the accident. That issue did not appear to be in the case since the evidence did not raise the question.

For the foregoing reasons,

It is ordered that the defendants' motions, and each of them, must be and the same hereby are denied.

It is further ordered that the plaintiff's motion for judgment on the verdict must be and the same hereby is granted.