Peter H. SCHAAR, and Hans Schaar,
Plaintiffs,

v.

Robert E. GEHRING and Rural Mutual
Insurance Company, Defendants.

No. 64–C–258.

United States District Court
E. D. Wisconsin.

March 28, 1968.

David L. Walther, Milwaukee, Wis., John M. Sullivan, Chicago, Ill., for plaintiffs.

Patrick T. Sheedy, Milwaukee, Wis., for defendants.

## DECISION ON MOTIONS AND ENTRY OF JUDGMENT FOR DEFENDANTS

REYNOLDS, District Judge.

Before this court are two motions filed after a trial in which the jury returned a verdict in the defendants' favor. Plaintiffs have moved for a new trial, and defendants have moved for entry of judgment in accordance with the jury's verdict. Both motions raise essentially the same issue of whether the jury's verdict was against the weight of the evidence. If so, plaintiffs' motion must be granted, and defendants' denied. On the other hand, if plaintiffs' motion is denied, then defendants' must be granted.

This court's jurisdiction is based on diversity of State citizenship, 28 U.S.C. § 1332(a), and Wisconsin substantive law is applied. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

On the question of when a jury's verdict may be set aside, the Wisconsin Supreme Court in Burlison v. Janssen, 30 Wis.2d 495, 500, 141 N.W.2d 274, 277 (1966), has said:

" 'The rule is well established that a verdict or a finding of a jury will not be set aside or disturbed, "if there is any credible evidence which under any reasonable view fairly admits of an inference that supports the jury's finding." Van Galder v. Snyder (1948), 254 Wis. 120, 123, 35 N.W. 2d 187. "The familiar rule, often declared by this court, that where there is credible evidence to support a finding of a jury we may not disturb it, needs no citation of authorities." Mossak v. Pfost (1950), 258 Wis. 73, 75, 44 N.W.2d 922. It should be further pointed out, "on review this court must

accept the credible evidence most favorable to sustain the verdict." Dickman v. Schaeffer [(1960), 10 Wis.2d 610, 613, 103 N.W.2d 922.]' "

At trial, the following facts were undisputed:

Plaintiff, Peter H. Schaar,[1] was driving in a northeasterly direction on Cogswell Drive in Kenosha County, Wisconsin, on September 16, 1962. Defendant, Robert E. Gehring,[2] was driving his car on the same road and going in the opposite direction. He was exceeding the posted speed limit of 45 miles per hour. Plaintiff began making a left turn from Cogswell onto Railroad Drive, and the two cars collided. As a result of this accident, Peter H. Schaar sustained injuries.

Defendant Gehring admits to exceeding the posted speed limit but contends that his negligence was minor and not a substantial factor in causing the collision. The hour was late, the streets were nearly deserted, and the excess was only by a few miles per hour.[3] Moreover, all discernible skid marks were in said defendant's (southwesterly) lane of travel, and the collision occurred right front end to right front end. These facts, together with the post-accident positioning of the colliding automobiles, indicated, according to defendants' argument, that plaintiff had made a "lazy left turn," i. e., one in which he spent an undue amount of time and traveled an excessive distance in the southwesterly (defendant's) half of Cogswell Drive.

The jury apparently adopted defendants' theory of the case, or at least held that plaintiffs had not proven otherwise by a preponderance of the evidence. Responding to questions conventionally put to juries under Wisconsin practice, it pronounced the following special verdict:

"1. Was the defendant, Robert E. Gehring, negligent in the manner in which he operated his vehicle?
"Answer: Yes

"2. If you have answered Question No. 1 'yes,' then answer this question:

"Was the negligence of the defendant, Robert E. Gehring, as found by you in answer to Question No. 1, a substantial factor in causing the collision with the vehicle being driven by the plaintiff, Peter H. Schaar?
"Answer: No

"3. Was the plaintiff, Peter H. Schaar, negligent in the manner in which he operated his vehicle?
"Answer: Yes

"4. If you have answered Question No. 3 'yes,' then answer this question:

"Was the negligence of the plaintiff, Peter H. Schaar, as found by you in answer to Question No. 3, a substantial factor in causing the collision with the vehicle being driven by the defendant, Robert E. Gehring?
"Answer: Yes."

Though provision was made for a 5/6ths verdict, no member of the jury signed his name in the space provided for dissenting jurors.

On the facts stated and on the whole record, this court finds some "credible evidence which * * * fairly admits of an inference that supports the jury's finding." Thus, there is no basis on which the jury's verdict can be set aside.

It is therefore ordered that plaintiffs' motion for a new trial must be and it hereby is denied.

It is further ordered that judgment for defendants in this case must be and it hereby is entered.

---

1. Peter's father, Hans Schaar, was also named as plaintiff; he claimed to have paid certain of his son's medical expenses.

2. Robert E. Gehring's liability insurer, Rural Mutual Insurance Company, was also named as defendant.

3. The speed limit was 45 miles per hour. Witnesses estimated defendant Gehring's speed at "over 50 miles per hour." This was the fastest time at which the speed was placed.