GUSTAFSON, Appellant, vs. ENGELMAN and another, Respondents. [Two cases.] *

*September 11—October 9, 1951.*

---

* Motion for rehearing denied, with $25 costs, on December 4, 1951.

448

For the appellants there was a brief by *Jacobs, Muench & Jirtle* of Green Bay, for Marjorie M. Gustafson, and *Lynn D. Jaseph* of Green Bay, for Dona Mae Gustafson, and oral argument by *Mr. Jaseph* and *Mr. Clarence R. Jirtle*.

For the respondents there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman* and *Lawrence E. Hart*.

BROADFOOT, J. Appellants' first contention is that the defendant Engelman was causally negligent with respect to lookout and with respect to control and management of his car as a matter of law.

There was a dispute as to the facts. Dona Mae Gustafson testified that she came over the top of the hill to the west at a speed of about forty miles per hour; that she drove upon her own side of the highway; that when she struck the ice on the slope it caused her car to skid to the left, but that she corrected the skid and stayed within her own line of traffic; that the car skidded a second time and in the same manner just prior to the collision, and upon this occasion the left rear

wheel of the Gustafson car skidded across the center line of the highway. She further testified that she noticed the lights of the Engelman car coming over the hill to the east; that her lights were on bright as she came over the hill and she did not believe that she dimmed them prior to the impact. Allen Engelman also testified that the Gustafson car had bright lights on.

Clarence Engelman testified that he did not recall seeing the lights of an approaching car as he drove down the east hill; that he had passed through the bottom of the depression and was going up the west slope when he first saw the lights of the Gustafson car coming over the hill from the west; that the Gustafson car was then being driven to the north of the center of the highway; that the collision occurred at a point somewhat more than one third of the way up the west slope; that he was driving between thirty and thirty-five miles per hour; that he did not apply the brakes but turned his steering wheel to the right just before the impact.

The appellants argue that the Gustafson car was within the vision of Engelman for a distance of approximately sixteen hundred feet, based upon the average speeds at which the two cars were being driven, and that had Engelman seasonably observed the Gustafson car proceeding, as he testified, upon the wrong side of the center of the highway it became his duty to attempt to avoid the collision by applying the brakes so as to stop or slow up and to seasonably turn to his own right.

Questions as to negligent lookout and negligent management and control with corresponding questions as to causation were submitted to the jury as to each driver. The jury found that neither driver was negligent as to lookout or as to management and control. The appellants argue that as there was no appeal by the Engelmans from the jury's finding that Dona Mae Gustafson was not negligent that it is a verity that the Gustafson car came up on the west slope on its own right side of the pavement and that the driver of that car was not negligent as to control and management. They

then proceed to base their argument upon Engelman's testimony that the Gustafson car was north of the center of the highway as it came over the hill and drove down the slope. Both drivers testified that they could not see the center line of the highway but that they judged their respective positions upon the road by the right edge of the pavement. The bright lights upon the Gustafson car would make it particularly difficult for Engelman to determine its exact position upon the highway. The fact that each driver was unconscious immediately after the accident certainly does not improve their recollections. There is no testimony that Engelman drove at any time on his left side of the highway. The debris from the accident was all found on the north, or Engelman's side of the road, although it was close to the center line.

It is apparent that the jury believed from the evidence that the Gustafson car did not invade the north half of the highway until it skidded the second time. The inference is strong that at the time the Gustafson car skidded across the center line of the highway the cars were close together and that Engelman had no opportunity to do more than he did to avoid the collision. The questions as to Engelman's lookout and management and control were for the jury to determine. They had to base their determination, not upon Engelman's testimony alone, but upon the testimony of all of the witnesses and the physical facts as shown by the record. There is sufficient credible evidence in the record to support the answers.

The appellants next contend that the trial court erred in failing to give the following requested instruction:

"Whether a driver possessed in advance, full knowledge of the icy condition of the highway where the collision occurred, because of an earlier passage over the same place on the same day, and by previous observation of the probable presence of ice at the point of collision as he approached it, are circumstances to be considered by the jury in connection with their findings on the subject of whether he was approaching said

location at a reasonable rate of speed in view of all the circumstances, and whether or not he was exercising proper control and management of his car under such circumstances."

The requested instruction opens with the expression "Whether a driver possessed in advance, *full knowledge* of the icy condition. . . ." This is an erroneous assumption. There is no testimony that supports it. Engelman testified in effect that in the afternoon as he drove over the highway there was melted snow and water thereon and he concluded there would be ice on the highway that evening when it got colder. At another point he testified that he knew from the condition he found in the afternoon that the road would probably be covered with ice at the scene of the collision. There is nothing in the record to indicate that he had "full knowledge" of the area that would be covered by ice, the thickness of the ice, or the extent to which it would be affected by travel over it before he reached the point. There is no error in refusing a requested instruction which assumes a fact not proved. The trial court has some discretion as to what special instructions it will give based on isolated portions of the testimony. The court gave general instructions as to negligence and ordinary care. With respect to lookout the court instructed the jury as follows:

"What amounts to a proper lookout depends largely upon the circumstances then existing and you may take into consideration the time of day, the condition of the highway, the condition of the weather, the amount of traffic on the highway, and any other facts which you find present at that time, . . ."

With respect to management and control it gave the following instructions:

"In that respect also, you may consider the conditions existing that night. Also you may consider the speed of the car, the condition of the surface of the road, the amount of traffic on the road, the width of the road, the condition of the

shoulders, whether visibility was good or bad, and all of the other circumstances which you find were present at that time. . . ."

The trial court might well have included in these instructions something as to the knowledge of either driver as to the probable presence of ice at the point of collision. There is no evidence that Engelman was driving at an excessive rate of speed even though approaching a highway covered with ice; that his car skidded; or that the ice in any way affected his driving so as to cause the accident. Under the circumstances failure to give the requested instruction was not prejudicial error.

The final contention of the appellants is that the award of damages to Marjorie M. Gustafson was so inadequate as to indicate passion and prejudice upon the part of the jury. The appellants point out nothing which occurred during the trial that would arouse passion or prejudice, nor do they show any reason why the jury should be prejudiced or impassioned. Inadequate damages of themselves do not establish perversity. In ruling upon motions after verdict the trial court determined that the answers of the jury were not dictated by passion or prejudice, and we accept its judgment on that point.

*By the Court.*—Judgments affirmed.