KETTERER and another, Appellants, v. MAERKER and another, Respondents.

*October 4—November 2, 1965.*

464

466

For the appellants there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Sydney Eisenberg.*

For the respondents there was a brief by *Arnold, Murray & O'Neill,* attorneys, and *James P. O'Neill* of counsel, all of Milwaukee, and oral argument by *James P. O'Neill.*

GORDON, J. It is urged upon this appeal that the jury's award of damages was inadequate and that this court should order a new trial with an option to the defendants for an additur. *Parchia v. Parchia* (1964), 24 Wis. (2d) 659, 130 N. W. (2d) 205; *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393.

The jury's evaluation of Mrs. Ketterer's injuries at $600 would not be sustainable if her ailments were all attributable to the accident in question. The record shows that Dr. Roger H. Crane had been treating Mrs. Ketterer for eighteen months before the accident and offered testimony as to the nature of her prior complaints. Dr. Crane expressed the view that the collision aggravated her arthritis; however, a contrary opinion was given by Dr. Harry B. Sadoff, who testified that trauma is not a causal factor in degenerative arthritis and also that trauma does not aggravate osteo-arthritis.

As a result of the conflicting medical evidence, the jury was entitled to believe that much of Mrs. Ketterer's discomfort and disability was chargeable to a pre-existing condition. This would also apply to her husband's claim for medical expenses. *Podoll v. Smith* (1960), 11 Wis. (2d) 583, 106 N. W. (2d) 332. We cannot disagree with the trial court's observation that "the amounts allowed by the jury were within its province, under the evidence." In *Wendel v. Little* (1961), 15 Wis. (2d) 52, 58, 112 N. W. (2d) 172, we said:

"Inadequate damages by themselves do not establish perversity. *Gustafson v. Engelman* (1951), 259 Wis. 446, 49 N. W. (2d) 410. The trial court held that the damages were supported by the evidence and weight should be given to its opinion. *Mossak v. Pfost* (1950), 258 Wis. 73, 44 N. W. (2d) 922."

With reference to a loss of wages or of earning capacity, the record establishes that Mrs. Ketterer was not employed at the time of the accident and had not worked for several years prior thereto. While there is evidence that Mrs. Ketterer entertained an intention to return to her former employment, this remained very speculative, and the trial court, under such circumstances, was not obliged to submit a a question concerning earnings to the jury. *Puhl v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. (2d) 343, 350, 99 N. W. (2d) 163.

At oral argument, the appellants' counsel contended that Mrs. Ketterer did not receive a fair and impartial trial because of such conduct as the "hollering" of the respondents' counsel and the hostility exhibited by the trial judge. This issue was not specifically presented in motions after verdict to the trial court and was not even raised in the briefs submitted upon this appeal. Accordingly, the appellants are not entitled to our review of this question as a matter of right. *Plesko v. Allied Investment Co.* (1961), 12 Wis. (2d) 168, 107 N. W. (2d) 201; *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. (2d) 380. However, we have nevertheless scrutinized the record to determine the merits of this argument. Our review is somewhat limited since, obviously, the written report does not reflect the decibels used. We must conclude from the record that this contention on the part of the appellants has not been established.

*By the Court.*—Judgment affirmed.