JANVIER, Judge.
This suit for damages results from a most unfortunate accident in which the plaintiff sustained painful physical injuries allegedly as the result of negligence of an employee of defendant in the residence of a third person, a neighbor of both plaintiff and defendant.
•The plaintiff, Mrs. Corinne Duplantier Roca; who-is 69 years of age and whose vision, as found by the District Judge, is “badly, impaired” and the person in whose residence- the accident occurred-, Mrs. Ma *177 rie L. Durel, were “next door” neighbors;, each occupying one side of .a double cottage at 3219-3217 Canal Street, in New Orleans. The house is what is colloquially referred to as a double shotgun house, each side consisting of approximately five rooms.1
Mrs. Durel is 83 years of age and, as correctly stated by the District Judge in his reasons for judgment, is “mentally alert for her years,” though “physically feeble.”
Defendant, Sidney N. Prats, a neighbor of both Mrs. Roca and Mrs. Durel, operates a sheet metal business, and, some five years before the accident, had installed in the residence of Mrs. Durel two floor furnaces, one in the rear of the house and the other in the double doorway between the front or entrance room of the residence and the second room, which is a bedroom. These furnaces are installed below the floor in floor openings which are about two feet wide by two and a half feet in length. The top of each of these furnaces, which are metal, is about six inches below the floor and over each opening there is placed a metal grille through which the heat of the furnace enters the room and which grille, when in place, prevents an unobservant or unwary person from stepping into the hole. These grilles, when in place, are flush with the floor and are made removable so that the furnace beneath each may be easily cleaned or adjusted.
Prats, the defendant, during the years which had elapsed since the original installation of the furnaces in the residence of Mrs. Durel, had, on the advent of each winter season, sent one of his employees to clean and adjust the furnaces and to light the pilot lights in anticipation of approaching cold weather. For this adjustment each year Prats made no charge against Mrs. Durel.
On October 13, 1953, at about 2:00 or 2:30 o’clock on a bright, sunny afternoon, at the request of Mrs. Durel, Prats had sent one of his employees, Marcelin Daigle, to clean and adjust the furnaces-and to light, the pilot lights. Daigle was admitted by Mrs. Durel herself, and there .is no dispute, over what occurred thereafter except as to the time which elapsed between the various occurrences preceding the accident..
After being admitted to the residence of Mrs. Durel, Daigle first raised the grille from the heater in the front part of the house which is between the two front rooms and then, being advised by Mrs. Durel that the vacuum cleaner, which was to be used in cleaning the. furnaces, was in the rear of the house-, Daigle replaced the grille over the front furnace and went to the rear one. He found that there was a “short” in the wire of the vacuum cleaner which prevented its being turned on or off readily and therefore after turning it on and cleaning the rear heater, he left it “on” in the rear of the residence and went to the front furnace. He removed the grille from the front furnace and placed'it against the mantle and then, re'quiring the vacuum cleaner, which he had left in the rear of the residence, he went to the rear of the house to get it, leaving Mrs. Durel in the front room alongside the opening from which she had seen him remove the grille. While he was in the rear, Mrs. Durel, in some unexplained way, stepped into the opening and fell and was not able to immediately raise herself. She says that she called for help but that Daigle could not hear her because the vacuum cleaner was in operation and made .a noise which interfered with the sound of her voice. Mrs. Durel then says that she called twice for help and that Mrs. Roca, the plaintiff, who was her next-door neighbor, heard the call and came over to render assistance.
Mrs. Roca found the front door of the Durel residence unlocked and entered, and, apparently because of her impaired vision, she did not notice that the grille was not in place over the furnace, and stepped into the opening and fell, sustaining quite serious injuries on which her present claim is based.
. In the meantime Daigle had disconnected the vacuum cleaner from the ceiling outlet in the rear- of the residence, and he then heard1 moaning .in the front of the house and, on going to the front, found that both ,Mrs.. Durel and ..Mrs. Roca had *178 been' injured. He says that the time which • elapsed after he removed the -grille from the front furnace and before he returned to it was not more than a minute or two, and the District Judge found that he was absent from the front room “for a minute or two.”
Plaintiff alleges that Daigle was negligent in “removing said 'iron grille from said floor heater and leaving the resultant open space in the floor of said house unguarded, uncovered and unprotected.”
Defendant avers that under the circumstances it was not negligence on the part of Daigle -to leave the opening uncovered . for -the very short time required for him to go to the rear of the residence to get the vacuum cleaner,. particularly since, at ■ the time of- the removal of the'grille and.,at the. time of his departure from the front room, M,rs.' Durel, the owner of the. residence, was. present and saw that he. had removed the grille and -left the uncovered opening in the floor.
Defendant makes the alternative contention that if it was negligence on the part of Daigle to leave the opening uncoyered with the owner present, the proximate cause of the occurrence was not that negligence but was the intervening negligence of Mrs. Durel in first falling into the opening herself and then in permitting Mrs. Roca to enter her residence and pass through the door in which the opening was located without calling 'to warn her that’ the opening was un'covered, an'd finally," and- also-in-the alternative, defendant contends that, Mrs. Roca was cpntributorily negligent in stepping into the hqle, since, there was adequate illumination as a result of the bright sunlight coming in through the windows and the door.
There was- judgment dismissing plaintiff’s suit and she has appealed.
We think it quite probable that more than one or two minutes elapsed between the time at which Daigle left the front room to go to the rear to get the vacuum cleaner and the time at which Mrs. Roca stepped into the uncovered hole in the floor. ' We say this because it seems bb-' vious that in so short an interval of time as two minutes it would not have been possible for the occurrence of the sequence of events which must have followed the departure of Daigle from the front room.
In the first place, Mrs. Durel left the position which she had formerly occupied" in-the front room and must have been attempting to go into the bedroom as she stepped into the hole. She then called for help, apparently attempting to summon Daigle . to her assistance, and when she found that he could not hear her, she then called again for help and this time Mrs. Roca heard her “and she came like she always does.”. These happenings must have required several minutes.
However, we do not see that it can be said'that Daigle was negligent in' leaving the opening uncovered even if the length of time which those happenings required was more than a few minutes, for all of the circumstances and conditions must be taken into consideration in an effort to determine what, under the circumstances, would constitute actionable negligence. What might be the grossest negligence under certain conditions would not be considered negligence at all under others.
Daigle knew that he would be gone for only.a few minutes; .he knew that the owner of the residence was watching him when, he removed the grille and that she, in full possession of her mental faculties, saw him leave the grille off the opening when she saw him go to the rear of the house. He had no reason to anticipate that, at that very time, she would herself fall into the hole which she knew, was unprotected as a result of the removal of the grille nor to anticipate that some other person, with "impaired vision, would enter through the unlocked front door and, because of impaired vision, also step into the hole. He had every reason to believe that Mrs. Durel would remain in the capacity o'f what may be termed a guardian of- the opening, if any guarding was necessary, until he could return and complete the *179 work which could be done only with the ■ grille removed.
Counsel, in oral argument, have discussed the question of whether Mrs. Roca, the plaintiff, should be classified as a licensee or as an invitee, and our attention is directed to the fact that there is due to the invitee a slightly greater degree of care than is, due to the mere licensee. , .
We think it unnecessary to reach a conclusion as to whether Mrs. Roca was an, invitee insofar as the defendant was concerned or was a mere licensee, for the reason that in either case we do not think that there was actionable negligence on the part of the defendant.
The duty which is owed even to an invitee is not to insure him against the possibility of accident but, according to' Corpus Juris Secundum, is to exercise "reasonable or ordinary care for his safety, commensurate with the particular circumstances involved * 1 * See 65 C. J.S., Negligence, § 45.
The owner is required to .exercise “ordinary and reasonable care” for the protection of the- invitee and what constitutes ordinary reasonable care depends upon the circumstances of each particular case. Our Supreme Court, in New Orleans & Northeastern R. R. Co. v. McEwen & Murray (Gulf Lbr. Co., Ltd.), 49 La.Ann. 1184, 22 So. 675, 680, 38 L.R.A. 134, quoted with approval what had previously been said in Block v. Milwaukee St. Railway Co., 89 Wis. 371, 61 N.W. 1101, 27 L.R.A. 365, as follows:
“ * * * ‘The negligence is not the proximate cause of the1 accident, unless, * * * under all the circum-'-stances, the accident might have been reasonably foreseen by a man of ordinary intelligence and prudence. It is not enough that the, accident is the natural consequence of the negligence. * * * t » ’
The Court also approved of the statement that: • ’ ‘ 1
“ ‘A mere failure to ward against-a result- which could not have been • reasonably anticipated is not actionable negligence.’ * * * ”
We quoted from the above language in Drago v. Dorsey, 13 La.App. 115, 126 So. 724.
The'language was also quoted with approval by the Court of Appeal for the Second Circuit in Riche v. Thompson, 6 So.2d 566.
The question of what constitutes negligence is discussed in an article entitled Tort- Doctrine in Louisiana, 27 T.L.R., page 1, at page 12, from which we quote the following:
“The problem is how we determine what -the average reasonable man would have done under the circumstances. The thesis may be stated thus: for every action there is a theoretically established zone of prudence, which takes account of such factors as the risk involved of danger to others, the benefit to the community in action of some kind being taken, the emergency of the situation, the available methods for taking action, and in some instances the capacity of the one who is to take the action. If,, in the opinion of the court, the action of the defendant falls within this zone of prudence, then he has not been negligent and fault is not present.”
We also find a definition of negligence in Lopes v. Sahuque, 114 La. 1004, 38 So. 810, 812, as follows:
“Negligence consists, in the neglect of the use of ordinary care or skill towards a person to whom the defendant owes the duty of observing care or.skill, to av.oid a danger which .should have béeñ foreseen, by reason of which neglect the plaintiff, without contributory negligence on his part, has suffered injury to his person or property. *' * * ”
If ,we apply the rules announced in the above cases for .the determination of what *180 is negligence, surely it cannot'be said that it could have been reasonably foreseen by a man of ordinary intelligence and prudence that, in the very short time during which Daigle was absent, the owner of the premises would leave her position alongside the open hole in the floor, step into it herself, and that, in addition, another person, partially blind, would also •enter the premises and step into the-hole.
We find no negligence in defendant’s employee and consequently no liability in defendant.
It thus becomes -unnecessary that' we' •consider the question of whether’ there was contributory negligence or whether there was intervening negligence on the part of Mrs. Durel.
The judgment appealed from is affirmed at the cost of appellant. . .
Affirmed.