FRUGE, Judge.
Mrs. Rosea Trahan, plaintiff-appellee, brought suit against the Palms Hospital, Inc. and Michigan Mutual Liability Company, its insurer, for injuries sustained in-an accident on May 6, 1960, on the premises, of the Palms Hospital, Inc., in Abbeville, Louisiana. In her suit she sought workmen’s compensation benefits and, alternatively, recovery in tort. It was agreed' between the trial court and the litigants, that trial would be before jury, which would determine only the tort claim, while the compensation claim would be determined' by the trial court. The trial court did not find an employee-employer relationship and denied the claim for workmen’s compensation. (Tr. 51) The jury returned a verdict in favor of the plaintiff in the amount of $15,000 and on December 22, 1961, judgment was signed, against the defendants, in solido. (Tr. 52) Defendants have appealed therefrom and the plaintiff has answered the appeal, asking that the award be increased to $25,000.
*281 Plaintiff claims that while acting as a practical nurse at the Palms Hospital she slipped on the floor and fractured the ulnar •and radial bones of her wrist.
She claims that defendant was negligent in that the floor was slippery because “liquid wax” had just been applied and was •still wet when she slipped in the hospital ■corridor, that the hallway was not properly lighted, that if there were any warning signs, they were not placed where she could ■see them.
Defendant denies negligence and claims that the floor wax was not slippery, that the hall was very well lighted, that warning signs were prominently displayed. Further, they claim if there was any negligence on their part, plaintiff may not recover since she was contributorily negligent and that “the doctrine of assumption of risk is equally applicable in the present case since she (plaintiff) was constructively, but not actually aware of the waxed condition of the floor and accordingly, in walking across the waxed floor, assumed all risk incidental to such traversal.”
After reviewing the record, we find that the plaintiff has by a preponderance of the evidence proved her case in the respects alleged by showing that the defendant’s negligence was the proximate cause of the accident. Under our law the burden of proving contributory negligence is placed upon the party alleging it. We are also convinced that the defendant has not satisfactorily shown that plaintiff was guilty of contributory negligence or that she had assumed any risk.
As to quantum, considering the medical testimony, we are of the opinion that an award of Ten Thousand Dollars ($10,-‘000.00) for the plaintiff’s personal injuries, loss of earnings, and medical expenses (past, present and future) will do justice in this case.
For the reasons assigned, the judgment appealed from is amended by reducing the award to Ten Thousand Dollars ($10,000.-00) and, as amended, is affirmed; defendant-appellant to pay all costs.
Amended and affirmed.