146 So.2d 535 (1962)
Henry BOUGON, Jr., Plaintiff-Appellant,
v.
TRADERS & GENERAL INSURANCE COMPANY and Vincent J. Marcello, Defendants-Appellees.
No. 558.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 1962.
Rehearing Denied November 26, 1962.
*536 Hilary J. Gaudin, New Orleans, Gaudin & Edwards, H. Charles Gaudin, and Robert *537 D. Edwards, Gretna, for plaintiff-appellant.
Loeb & Livaudais, Marcel Livaudais, Jr., New Orleans, for defendant-appellee.
Before CULPEPPER, PONDER and McGEE, JJ.
PONDER, Judge ad hoc.
In this action the plaintiff, Henry Bougon, Jr., is seeking to recover of defendant, Vincent J. Marcello, and his insurer, Traders & General Insurance Company, damages for personal injuries, medical bills, residual disability and other items by reason of an accident suffered by the plaintiff on August 20, 1959.
Plaintiff alleges that on or about that date he was painfully and permanently injured in a fall from a defective diving board located in the rear yard of the assured defendant; and that the accident was caused solely by the negligence of the defendant in not maintaining his diving board in a safe condition and not advising petitioner that said diving board was in fact defective and capable of causing an accident. Further, that the two large bolts securing the rear of the diving board were not secured tightly.
In answer defendants generally deny all of the allegations of plaintiff's petition, except that it is admitted that the Traders & General Insurance Company was the liability insurer of the defendant, Vincent J. Marcello. Further, defendants affirmatively allege contributory negligence on the part of the plaintiff in the improper use of the diving board.
The trial had in district court resulted in a judgment dismissing the plaintiff's suit at his costs, and plaintiff has devolutively appealed.
The evidence reveals that there had been recently constructed in the rear of the home of the assured defendant a swimming pool and a diving board to be used in connection therewith, which board was flat and approximately 18 to 24 inches wide. About midway between its two ends, it was supported by a metal stanchion, covered by rubber, which presented a flat surface upon which the board rested. The rear end of the board was attached to another stanchion by means of two large bolts, with nuts thereon, which went through an iron plate or strap, through the board and securing it to the rear stanchion.
On the evening of the accident the plaintiff and other guests had been invited to the home of the defendant Marcello for a buffet supper. Although this was not a swimming party, while waiting for supper to be served, the plaintiff decided to use the facilities of the pool for swimming. Clearly the plaintiff was an invitee as a social guest.
Although a social guest is an invitee to whom the home owner or occupier of the premises might owe a greater degree of care than to a licensee or trespasser, he is not the insurer of the safety of the invitee against the possibility of an accident, "but is only required to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved." It is his duty to fend against the possibility of injury, but should an accident and an injury occur which could not have been reasonably anticipated, it cannot be considered actionable negligence. The accident must have been such that when considering all of the facts and circumstances in connection therewith, it must have been such an accident that might have been reasonably foreseen by a man of ordinary intelligence and prudence. See: Roca v. Prats, La.App., 80 So.2d 176; Crittenden v. Fidelity & Casualty Co. of New York, La.App., 83 So.2d 538; Alexander v. General Accident Fire & Life Assur. Corp., La.App., 98 So.2d 730; Spiers v. Consolidated Companies, 241 La. 1012, 132 So.2d 879, and Levert v. Travelers Indemnity Company, La.App., 140 So. 2d 811. There are many accidents which happen in which negligence is alleged, *538 and it is the duty of the court to consider whether an act of alleged negligence constitutes a lack of ordinary and reasonable care. This must be done under a complete appreciation of the factual situation in each particular case, and the courts must consider that there was a probable or reasonably foreseeable danger rather than a remote possibility that an accident might happen, resulting in an injury. Campbell v. All State Insurance Company, La.App., 112 So.2d 143.
In attempting to use the diving board the plaintiff, who was thirty-eight years of age and weighed approximately two hundred pounds, testified that without in any manner testing the board, he took two steps onto it and sprang to the end of the board, at which time he heard a crack and thought the board had broken, and felt a sharp pain in his leg. The evidence reveals that there was no crack in the board.
The only evidence of any defect (if it might be so called) in the diving board was the testimony of the defendant Marcello that after the accident occurred he discovered that the nut of the bolt on the right side and at the rear of the board was loose by one-quarter of an inch or less.
The evidence establishes that in attempting this dive the plaintiff suffered an injury in a complete tear or rupture of the quadriceps tendon in his left leg. As a result of the injury he was hospitalized for about three days thereafter, and there is the probability of residual disability of five to ten per cent.
Plaintiff, in a signed statement to the insurance adjuster on September 8, 1959, which was filed in evidence, stated that he did not know exactly what had happened but that he knew something had happened to his left leg. He was taken out of the pool by one of the guests who was also using the facilities for swimming purposes.
Plaintiff testified that as he took the two steps on the board prior to his spring, he did not detect anything unusual about the board and did not notice any unusual movement of the diving board. Also, Mrs. Vincent J. Marcello testified that this pool and diving board had been constructed in April of 1959, which was a few months prior to the accident, and that it had been used prior to and since the accident and no other person had been injured on it.
As in many cases where negligence is alleged, plaintiff seeks to invoke the doctrine of res ipsa loquitur. This doctrine is a rule of evidence, and not one of substantive law, and if applicable, is invoked at the conclusion of the trial. There are necessary facts which the plaintiff must establish in order to shift the responsibility or burden of proof to the defendant. Having once established these facts, then the burden shifts to the defendant to explain or exculpate himself and to overcome the inference or presumption of negligence which would flow from the accident or injury.
In order that this doctrine may be invoked and be operative, it is necessary that three essentials be considered and shown. First: It is necessary that the plaintiff discharge the burden placed upon him to prove the causation or causal connection of the accident to the injury as between the plaintiff and defendant. There must be a factor within the causal chain which connects the injury of the plaintiff with the act or omission of the defendant. Second: The instrumentality causing the injury or accident must be within the exclusive control of the defendant. Third: The accident or injury would not have occurred if the defendant had used proper care and control in the use of the instrumentality causing the accident or injury and ordinarily would not have occurred in the absence of negligence.
In a very learned dissertation on this subject the Honorable Wex S. Malone, as reported in Louisiana Law Review, Vol. IV, 70, observes:
"The doctrine of res ipsa loquitur clearly does not apply indiscriminately to any and all accidents, even if it is *539 demonstrated both that the defendant owed a duty to the plaintiff and that the plaintiff's injury resulted from the occurrence. The statement that the accident speaks for itself is a misleading figure of speech. Most accidents tell us only that there has been a mishap; they afford no indication as to where the responsibility should be placed. An accident may be the product of the negligence of either of the parties, the negligence of them both, or the negligence of neither of them. Furthermore, it may have been entirely unavoidable, or it may have followed from the carelessness of some third person or persons. Usually there is no natural inference one way or the other, and the plaintiff desiring to shift the loss onto the shoulders of the defendant must assume the burden of establishing the latter's fault by satisfactory proof."
Considering the testimony of the treating physician, Dr. George C. Battalora, Jr., after describing the injuries and the treatment given, he was questioned with reference to diving from the board with respect to the mechanics of the particular injury suffered by the plaintiff. His evidence is that these injuries sometimes occur and can occur in a person jumping from a height to a lower level. Also, he described the mechanics of the dive with reference to a force driving against the foot or leg below the knee in flexion while actively trying to extend the knee or leg.
It is well established in our jurisprudence that:
"It is the duty of the plaintiff to prove negligence affirmatively; and, while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it can not be invoked. Quass v. Milwaukee Gas Light Co., 168 Wis. 575, 170 N.W. 942; Klein v. Beeten, 169 Wis. 385, 172 N.W. 736, 5 A.L.R. 1237." Morales v. Employers' Liability Assur. Corporation, 202 La. 755, 12 So.2d 804, 808; Ardoin v. Millers Mutual Fire Ins. Co. of Texas, [La.App.] 92 So.2d 123; Larkin v. State Farm Mutual Auto. Ins. Co., 233 La. 544, 97 So.2d 389; Singleton v. Olin Mathieson Chemical Corporation, La.App., 131 So. 2d 329.
Our learned brother of the district court, in written reasons for judgment, held that there was no causal connection between the alleged defect as to the bolt and the plaintiff's injury, with which we are in agreement. Also, according to the testimony of Dr. Battalora the conclusion might be drawn that the injury could have been caused as the result of an imperfection in the dive. This could lead to a presumption that the injury could have been incurred in a different manner from that alleged. We are of the opinion that the doctrine of res ipsa loquitur does not apply in this case. We are also of the opinion that the plaintiff has failed to prove actionable negligence on the part of the assured defendant.
Applying the well settled principles of law in such cases governing to the facts as found in the record, and for reasons herein assigned, we are of the opinion that the judgment appealed from should be affirmed. All costs are assessed against the plaintiff and appellant.
Affirmed.