TATE, Judge.
The plaintiff slipped and fell while visiting the Natchitoches Hospital. She sues to recover for the personal injuries thereby sustained. Made defendants are the hospital’s administrator and its liability insurer. The plaintiff appeals from the dismissal of her suit.
The parties agree as to the legal principles applicable. The hospital owed to invitees such as the plaintiff a duty of ordinary care to keep its floors in a reasonably safe condition, so that those rightfully upon the premises could walk over them with safety. Trahan v. Palms Hospital Inc., La.App. 3 Cir., 143 So.2d 280, certiorari denied; Lusk v. United States Fidelity and Guaranty Co., La.App.Orl., 199 So. 666. See also Note, “Slipping or falling on bare waxed or oiled floor in store as cause of injury”, 18 NCCA (3rd) 354 (1962).
“The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee * * *. On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. * * * ” Levert v. Travelers Indemnity Company, La.App. 3 Cir., 140 So.2d 811, 813, certiorari denied, and cases there cited.
The plaintiff-appellant contends that she slipped on the hospital hallway due to its unforeseeably excessive slipperiness. She contends that this unreasonably dangerous condition resulted from the excessive and improper application of a wax floor dressing by an inexperienced substitute janitor. The defendants-appellees argue, and the trial court held, that the evidence does not show that the hallway floor was indeed slippery.
The evidence shows that normally the hallway was completely waxed every three months, after any residual wax was first removed by a neutralizing floor cleaner. Two thin wax coatings were then applied to the hallway, which was buffed after the wax had dried in order to produce a glossy appearance. Since the center of the hallway was generally worn by more traffic, the regular janitor would additionally rewax the center only of the floor every two to three weeks.
However, during the absence of the regular janitor, a substitute janitor rewaxed the entire width of the hallway two or three times during his two weeks of substitute duty. In each instance, this temporary employee did not use a cleanser to remove the residual remaining from the prior wax-ings.
The accident occurred approximately five days after the regular janitor had returned to duty.
*211 Plaintiff’s able counsel argues, with considerable effect, that the cause of Mrs. Himel’s fall was a slippery accumulation of built-up wax along the edges of the hallway, due to the excessive application by the substitute janitor of two to three coats of waxing within two weeks. Somewhat corroborative of this contention, is the testimony of a hospital employee that, immediately after Mrs. Himel’s fall, he found an eight-inch skid mark in the wax, as if made by Mrs. Himel’s heel. Mrs. Himel, a 71 year-old widow, herself testified that her feet slipped out from under her due to what she felt was the slipperiness of the floor, even though she was wearing shoes with low non-skid rubber heels.
However, the hospital administrator and the regular janitor, who both inspected the floor carefully right after the accident, found no evidence of this skid mark or' of any excess wax on the floor. Another lady visitor who was present when Mrs. Himel fell stated that the floor was highly polished and had a high glossy finish to it, but that she did not notice the floor as being too slick.
Under all the circumstances reflected by this record, we cannot say that the trial court fell into manifest error by determining that the floor in question was not unreasonably slippery at the time of the accident. Although plaintiff’s counsel has made a very strong argument that the application of three coats of wax within two weeks might have made the floor too slippery for safe traffic by reasonably prudent pedestrians, there is no evidence in the record that three coats of wax actually should produce an appreciably more slippery condition than the normal application, after cleansing, of two thin coats.
We do not believe, therefore, that the plaintiff has borne her burden of proving by a preponderance of the evidence that her fall was caused by the negligence of the hospital in failing to provide her a safe passageway through its halls.
In Trahan v. Palm Hospital, La.App. 3 Cir., 143 So.2d 280, an invitee was allowed recovery because liquid wax, producing undue slipperiness, had just been applied to a hospital hallway, without adequate warning to pedestrians using the hallway. In Johnson v. Puyoulet, La.App.Orl., 47 So. 2d 122, a customer was allowed recovery from a store owner, when the concrete floor had been dressed with an improperly mixed or applied floor seal which had produced a wet slickness. In both of these instances, the injured persons proved that the fall was occasioned by an unreasonable slipperiness of the floors involved; the holdings are thereby distinguishable from that required by the present facts.
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of the plaintiff-appellant.
Affirmed.