SAMUEL, Judge.
This is a direct action against a liability insurer by which the plaintiff, individually and as administrator of his minor son’s estate, seeks to recover medical expenses and damages for personal injuries sustained by the child while a guest at the home of defendant’s insured. There was judgment in the trial court in favor of plaintiff for the medical expenses incurred and in favor of the defendant insofar as the action on behalf of the minor for damages for his injuries was concerned. Plaintiff has appealed only from that portion of the judgment which dismisses the demand for damages on behalf of the child. The policy involved provides for payment of medical expenses as a result of the occurrence of an injury without the necessity of negligence being the cause thereof and that part of the judgment is not before us on appeal.
The facts are essentially undisputed. Plaintiff’s wife, the child’s mother, accompanied by the child, who was then 3 years of age, and a younger son were visiting at the home of friends, Mr. and Mrs. John Wilson, as invited guests. The Wilsons had two small children of their own, one younger and one older than the 3 year old Simoneaux child. Mrs. Simoneaux and Mrs. Wilson were in the kitchen of the Wilson home while the little boy was playing on one of the concrete runners forming the driveway to the garage. He was pushing a toy on the runner. Just a few minutes after Mrs. Simoneaux had checked on the child by observing him from the kitchen, a distance of 10 or IS feet away, the two ladies heard the child scream. They rushed out of the kitchen and found him on the ground crying. He was lying in the same place where his mother had last observed him and his face was in or near a small concrete mound on the runner. He' was bleeding from the *744 face. No one saw the occurrence of the accident and the child could only tell his mother that he had fallen.
The child suffered a contusion and abrasion of the skin of the right cheek in which there was imbedded some dirt and foreign substances. A plastic surgeon cleaned the wound and administered an abrasive treatment, consisting of the use of sandpaper, in order to remove that portion of the skin in which some foreign matters remained imbedded to prevent a “tattooing” of the skin. The child’s head was bandaged and both arms placed in casts in order to keep his hands away from his face. The bandages and casts were removed after a period of approximately three weeks and at the time of the trial the child appears to have completely recovered although he had suffered several other similar injuries to his face from additional falls.
The mound of concrete had been on the runner for several years and its presence was known to Mr. Wilson. It had been formed from concrete with which one of the Wilson children had played. The Wilson child had allowed some of the dry concrete to remain on the runner and that concrete had gotten wet and hard. The record contains only two descriptions of the mound, one by Mr. Simoneaux and the other by Mrs. Simoneaux. The former describes it as a mound of hardened concrete about 6 to 8 inches in diameter and an inch or an inch and a half in height above the concrete driveway. Mrs. Simoneaux describes it as a little, rough spot of concrete “perhaps the size of a saucer from a cup and saucer, but I don’t think any bigger”. All the evidence relative to the child’s fall is circumstantial. However, the record establishes to our satisfaction that he did fall and that he did strike his face on the mound of concrete.
Plaintiff alleges that the following constitutes negligence on the part of Wilson: (1) allowing the mound of concrete to remain in the driveway when he knew or should have known that it could and would cause injury to others, especially a child of tender years; (2) inviting guests to visit the premises when he knew or should have known that the same were unsafe; and (3) failing to keep the premises in proper repair and in a safe condition. In effect, plaintiff contends that the mere presence of the foreign matter in the driveway constituted negligence on the part of Wilson, although plaintiff admits that the mound is not an attractive nuisance within the meaning of that doctrine. He relies upon the holdings in four Louisiana cases: Oldham v. Hoover, La.App., 140 So.2d 417; Bergeron v. Houston-American Insurance Company, La.App., 98 So.2d 723; Jackson v. Jones, 224 La. 403, 69 So.2d 729; and Salter v. Zoder, 216 La. 769, 44 So.2d 862. We are unable to agree that Wilson was guilty of negligence or that the defendant is liable beyond medical expenses.
In Oldham v. Hoover, the court had before it the question of whether a toy, described as a “rockaway”, on which a small child had struck his nose was in itself inherently dangerous and the negative conclusion was reached. Apparently plaintiff’s reason for giving us this citation was that the court did say that the rockaway was not inherently dangerous and mentioned the fact that it contained no jagged or pointed ends on which a child might injure himself. The court in Oldham did refer to the rule that to create liability there must be negligence on the part of the defendant producing injury which is reasonably foreseeable as a consequence of such negligence.
Bergeron v. Houston-American Insurance Company is cited only as illustrative of the degree of care owed a very small child. It is concerned with the factual situation of an adult accidentally striking a child and has no application to the instant case.
The third case relied upon by plaintiff, Jackson v. Jones involved a pile of lum *745 ber containing protruding nails which the court found was inherently dangerous to children, a danger which it further found could or should reasonably have been foreseen by the defendant.
Salter v. Zoder involved a stack of lumber covered with galvanized iron which the court found was highly dangerous to children, a fact known to the defendant who should have foreseen and anticipated the accident which resulted in injury to the child.
Thus the cases cited by plaintiff observe the rule applicable to this case and allow recovery only where the object which caused or contributed to the child’s injury was in itself dangerous to children and where the defendant reasonably could have foreseen that the object could cause or contribute to such injury. The general rule applies to small children but with additional considerations as to what is dangerous and foreseeably likely to cause accident and injury as to them. As expressed in Bougon v. Traders & General Insurance Company, La.App., 146 So.2d 535, 537, the general rule is as follows :
“Although a social guest is an invitee to whom the home owner or occupier of the premises might owe a greater degree of care than to a licensee or trespasser, he is not the insurer of the safety of the invitee against the possibility of an accident, ‘but is only required to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved.’ It is his duty to fend against the possibility of injury, but should an accident and an injury occur which could not have been reasonably anticipated, it cannot be considered actionable negligence. The accident must have been such that when considering all of the facts and circumstances in connection therewith, it must have been such an accident that might have been reasonably foreseen by a man of ordinary intelligence and prudence.”
In the instance case the plaintiff, both in argument and in brief, repeatedly has referred to the mound of concrete as being jagged or razor sharp, or both. This is entirely unsupported by the evidence. The mound was small, saucer size or approximately 6 to 8 inches in diameter, and only one to one and one half inches in height. It was described as being rough only by Mrs. Simoneaux, without elaboration of any kind. By “rough” we believe she meant simply that its surface was rougher than the smooth surface of the driveway runner and nothing in the record indicates otherwise. We note that over a considerable period of time Mr. Wilson must not have considered the mound of concrete dangerous to his own small children. And just a few minutes before the accident Mrs. Simoneaux observed her child playing at the place where the mound was located. She probably saw the mound at that time and, if she did, she could not have considered it dangerous for she allowed the child to continue playing where he was.
We have no hesitation in concluding that the mound of concrete was not inherently dangerous and that Wilson could not reasonably have foreseen that it would cause or contribute to an accident or an injury to a small child.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.