CHASEZ, Judge.
Plaintiffs, Marie Messina, wife of and Daniel Alfortish sue Massachusetts Bonding and Insurance Company (now known as Hanover Insurance Company), insurer of Joy Bowling Lanes ex delicto for damages sustained when Mrs. Alfortish was struck in the lower abdomen by a bowling ball. The accident occurred while Mrs. Alfortish was on the premises of Joy Bowling Lanes.
From a judgment dismissing plaintiffs’ demands, plaintiffs appeal.
The record reveals that Mrs. Alfortish was attending the Women’s Louisiana State Bowling Tournament which was being held at Joy Bowling Lanes. On the day the accident occurred she was acting as scorekeeper and not actively participating in the tournament. After having been there for a period of time she took a coffee break and sat at a table in the snack area.
The snack area was set off by carpeting and some distance from the actual lanes. The table where Mrs. Alfortish was seated was immediately adjacent to the edge of the carpet or next to the outer limits of the snack bar area. At the outer edge of the carpet and to the right of the table there was a bowling ball rack containing spare balls. After drinking her coffee, Mrs. Alfortish rose from her chair, at the same time viewing a device called a tele-score which magnified the score cards, and took one step to the left, i. e., toward the edge of the carpet and the bowling ball rack. At that time a bowling participant, Mrs. Jane Chaisson, who had selected a bowling ball from the rack, was either testing the weight of the ball or her swing. At the same time that Mrs. Alfortish stepped forward Mrs. Chaisson swung the ball to her rear, hitting Mrs. Alfortish in the lower abdomen with the ball. Mrs. Al-fortish sustained severe injuries.
The plaintiffs seek to hold defendant liable for the damages sustained because of the alleged improper arrangement of the premises of Joy Bowling Lanes. They contend that the bowling ball rack was in dangerous proximity to the snack bar area and further that Joy Bowling Lanes was negligent in allowing an individual to practice bowling strokes in an area improperly suited for that purpose.
The trial court held that there was no evidence of negligence on the part of the Joy Bowling Lanes and they had no reason to anticipate such an accident. With this judgment we concur.
*707 There is no doubt that the relationship between the Joy Bowling Lanes and Mrs. Alfortish was that of business invitor and invitee. For liability to be imposed on the defendant the duty of maintaining safe premises for an invitee must have been breached by Joy Bowling Lanes.
In Kenning v. Herrin Transportation Company, 148 So.2d 881, (La.App.1963) this Court quoted with approval 65 C.J.S. Negligence § 50, pages 541-542, as a proper statement of this duty:
“The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers.”
The placing of a bowling ball rack next to the snack bar did not give rise to a condition which would be in the nature of a hidden danger or trap. The rack is a large object and clearly observable to anyone exercising ordinary care. The record shows that Mrs. Alfortish was familiar with the premises of Joy Bowling Lanes for she had participated in bowling contests at Joy Bowling Lanes on many previous occasions. With her knowledge of the premises and the size of the object, we are at a loss to know how the rack could be considered a trap or hidden defect, even considering its proximity to the snack bar.
 Assuming arguendo that a bowler quite often when selecting a ball will test the weight and swing at the ball rack, the location of the rack would still not be a breach of the duty to maintain safe premises. As stated above an invitee assumes all normal, obvious or -ordinary risks attendant to the use of the premises; the testing of the weight of the ball or practice swing of a bowler at the bowling rack can be expected. This type of activity is consistent with the use of the premises and patrons should be aware that this type of activity will be carried on, especially during a large tournament.
 The plaintiffs further argue that the proprietor of a public house of entertainment may be answerable for the action of one of his patrons citing the case of De Hart v. Travelers Ins., Co., 10 So.2d 597 (La.App.1942). We do not believe that this case stands for the broad proposition that counsel contends. In De Hart a patron of a cafe and bar was assaulted by another patron who was apparently intoxicated. The case was before the Court of Appeal from a judgment sustaining an exception of no cause of action. The Court stated that if the proprietor knew of the intoxication of the attacking patron, the likelihood of discord and disorder, and absented himself or his representative from his establishment he may well be negligent. This did not make the proprietor liable on the basis of an act of his patron but liable on the basis of his omission to protect his patron from an assault which could reasonably be anticipated. We do not think that De Hart has application to this case. In the first place if Mrs. Chaisson is at fault in any manner it would be because of her negligence, and a proprietor can not anticipate the negligence of his patrons. He, furthermore, can not be held for the negligence of another without some special relationship.
In conclusion, Joy Bowling Lanes did not breach their duty of providing safe premises thus the defendant insurer is not liable for this unfortunate accident. A commercial establishment is not the insurer of its patrons. Himel v. Ryder, 146 So.2d 209 (La.App.1962).
For the foregoing reasons the judgment of the trial court is affirmed and all costs are to be borne by the appellants.
Affirmed.