BAILES, Judge.
This action was brought by plaintiff against her husband’s insurer, Insurance Company of North America, to recover the sum of $5,000 as damages for certain bodily injuries suffered by her as the result of her husband’s allegedly reckless, negligent and careless operation of the motor vehicle in which plaintiff was riding as a guest passenger. This case was tried before a jury which rendered a verdict in plaintiff’s favor awarding her the sum of $4,000. In furtherance of the jury verdict, the trial court rendered judgment in plaintiff’s favor in that amount. From this judgment, defendant has appealed suspensively. Plaintiff has answered the appeal, urging this court to increase the award to the prayed for sum of $5,000.
We find the plaintiff failed to sustain the burden of proving that her injuries were caused by the negligent operation of the vehicle in which she was riding. The judgment appealed from must be reversed.
The plaintiff alleges that on July 18, 1964, at approximately 3:00 p. m., she was riding as a guest passenger in a 1955 Chevrolet driven by her husband, Felix Hill, on Yazoo Street in Baton Rouge, Louisiana; that Felix Hill was insured by defendant under Policy No. FAC 2 62 04 in the amount of $5,000; that Felix Hill was reckless, negligent and careless in the operation of the said vehicle, in that he was backing said vehicle too fast under the prevailing conditions when he slammed on his brakes, all of which caused petitioner to fall out of the vehicle onto the street, and that he was otherwise negligent; that as a result, petitioner hurt her head and body and was otherwise injured, was prevented from transacting her business and suffered great pain of body and mind. Plaintiff concludes by praying for judgment against defendant in the sum of $5,000 and for trial by jury.
The facts and circumstances surrounding the occurrence of this accident appear to be that plaintiff and her husband, Felix Hill, together with their four children, were at the place of the accident in response to an untrue rumor that one of their children, David, had drowned in a nearby canal or drainage ditch. Felix Hill had driven down Yazoo Street, a dead end street, in order to approach the place of the rumored drowning. Upon approaching the dead end of this street, he sighted his son, David, accompanied by another son, approaching on a bicycle. David alighted from the bicycle and got into the family automobile on his father’s (driver’s) side. It appears from the testimony that plaintiff was seated on the right front of the automobile, and that she had previously entered the vehicle on that side by opening and closing the door herself. The family automobile was a two *717 door sedan. After the son, David, entered the automobile and sat down in the back seat, Felix Hill began backing his vehicle and admonishing David that he should not visit such areas. According to the testimony of one of the children, after the vehicle had backed about 36 feet, the door on the plaintiff’s side came open and she fell out. The evidence conclusively shows that there was no mechanical defect in the locking mechanism of the right door. Felix Hill had owned this vehicle for about one year prior to and about one and one-half years after the accident. Although Felix Hill did testify the lock had been “sprung,” it was conclusively shown that the locking mechanism was in perfect condition.
The plaintiff has pitched her case for liability on the allegations that her husband was “backing said vehicle too fast under the prevailing conditions when he slammed on his brakes, all of which caused petitioner to fall out of the vehicle onto the street and he was otherwise negligent.” (Article 3 of plaintiff’s petition).
No useful purpose would be served in detailing the testimony of the various witnesses who testified as to the manner in which the car was backing. The only witness who testified that the backing was in a fast manner was the plaintiff’s husband. The two officers, and the two children passengers in the vehicle did not so testify. The plaintiff did not testify to any of the facts surrounding the accident as she apparently did sustain a serious head injury and could not remember the occurrence of the unfortunate accident.
For the plaintiff to sustain her burden of proving actionable negligence on the part of her husband, she must certainly offer some plausible reason for the door to have opened. We can conceive of no way for a properly closed automobile door to open in the manner advanced by the plaintiff. Properly functioning doors, and the parties involved herein testified the door operated properly, properly closed do not fly open by a vehicle being driven in the way shown by the evidence herein. Without a doubt in our mind, this door was either not properly closed, or the plaintiff unintentionally and without being aware of it, operated the unlocking mechanism by movement of the door handle.
No causal relationship is shown to exist between the alleged negligence of Felix Hill and the opening of the vehicle door. Furthermore, it has not been proved by a preponderance of the evidence that Felix Hill operated the vehicle in the manner alleged. In Morales v. Employers’ Liability Assurance Corporation, Lt. (1943) 202 La. 755, 12 So.2d 804, the court had before it a case somewhat similar to the instant case. The plaintiff therein fell through a door of an ambulance which opened allegedly through no fault of the plaintiff. In rejecting the claims of the. plaintiff, the court said there was nothing wrong with the lock on the door, and further stated:
“It is not at all beyond the realm of possibility that the accident might have been caused by plaintiff inadvertently pressing down upon the handle of the door, since this was the only way in which the door could have been opened.”
Also see Newman v. Fidelity Mutual Insurance Company (1956) La.App., 86 So.2d 404; Minton v. Continental Insurance Company (1959) La.App., 110 So.2d 789; Ardoin v. Millers Mutual Fire Insurance Company of Texas (1957) La.App., 92 So.2d 123.
Therefore, for the reasons above assigned, the judgment of the trial court is reversed and there is judgment herein in favor of the defendant and against the plaintiff rejecting her demands, at her costs
Reversed.