JOHNSON, Judge.
Plaintiffs, Mrs. Catherine Cryer, wife of and Hursen Patin, are appealing from a judgment of the District Court dismissing their suit for damages against defendant, the New Orleans Union Passenger Terminal.
On August 22, 1963, about 6:30 o’clock in the evening, the plaintiff, Mrs. Catherine Cryer Patin, met her mother, who had arrived on the Sunset Limited train, and, while walking on the concrete passageway back towards the defendant’s station, she was struck on her leg from the rear by a luggage cart containing luggage, which cart was being pushed by either an eight year old child or an adult, causing Mrs. Patin almost to fall and to sustain personal injuries.
Mrs. Patin alleged that she had been injured as the result of negligence on the part of defendant in several particulars. She prayed for damages in the amount of $5,-206.40, and her husband asked for medical expenses which he incurred for his wife’s injuries. She charged in her petition that the defendant was negligent in that it provided for the use of patrons luggage carts similar to those used in supermarkets, which carts are allegedly attractive to children; that defendant was negligent in failing to provide porters or attendants to supervise the handling of carts “for the safety of its passengers, patrons and invitees”; in failing to provide sufficient personnel “in order to prevent an accident,” such as the one alleged to have taken place, and in failing to provide sufficient personnel and supervision which would “prevent children of a tender age from using said luggage carts.”
The defendant first filed an exception of no cause of action which was overruled by *410 the district court. The exception was based on the fact that the plaintiffs’ petition did not allege actionable negligence on the part of defendant. Defendant then filed its answer denying any negligence on its part, and averred that the luggage cart cannot be classified as an attractive nuisance to children.
After trial on the merits, the trial Judge dictated into the transcript his reasons for rendering judgment in favor of defendant .dismissing plaintiffs’ suit.
The facts are that Mrs. Patin and members of her family consisting of her son, twenty-one years of age, her sister, and a niece, whose baby she was holding in her arms, were all talking and walking back to the station building away from the train with other people when the back of Mrs. Patin’s leg was hit by a luggage cart which Mrs. Patin said was being pushed by a girl about eight years old. She said that she saw the girl after she was hit. Mrs. Patin did not fall completely to the ground. She tried to protect the baby in her arms. She said she could not get the name of the girl because of her injury.
Mrs. Patin’s son testified, however, that “A lady came up with these carts, * * * and she hit, she run the cart and she hit my mother back of the leg, and she fell. She stumbled like, and she fell. * * * I think she walked off, I don’t know what happened to the lady, * * He also testified that he was behind and somewhat to the right of his mother and he saw the lady coming with the cart. He was positive that the cart was not being pushed by a little girl; that there was a piece of luggage in the cart, and he thinks that there was a young girl alongside the lady who was pushing the cart.
Mrs. Cryer, mother of Mrs. Patin, testified that she was walking with her family and had taken a few steps, walking behind her daughter towards the station, when the “buggy” hit Mrs. Patin; that she did not see who pushed the cart, but that “it seemed like it was [being pushed] by a young girl” maybe 14 or 15 years old, and that she herself was not paying much attention as to what was going on.
As we have said, young Patin was the only witness who actually saw an adult pushing the cart.
The luggage cart was one of many which belonged to defendant and which was supplied by it to the traveling public for use at the Union Terminal Passenger Station. It is not a dangerous instrumentality, and there is no evidence to show that the cart was defective in any way. It contained luggage and was being used for the convenience of one of defendant’s patrons on its well-lighted passageway.
Plaintiffs’ contention that the doctrine of attractive nuisance should be applied in this case cannot be seriously considered. “This doctrine is to be applied with great caution and only when the injury was occasioned through a dangerous or unusually hazardous instrumentality or condition.” Wex S. Malone, XXVI, La.L.Rev., p. 523, et seq. We agree fully with that statement. See also Alfortish v. Massachusetts Bonding & Insurance Co., La.App., 171 So.2d 705, and authorities cited therein.
It is generally conceded that Mrs. Patin was an invitee on the premises of the defendant. The jurisprudence is well established that the host “is to exercise ‘reasonable or ordinary care for his [the invitee] safety, commensurate with the particular circumstances involved * * * ’ ”. 65 C. J.S. Negligence § 63(45); Roca v. Prats, La.App., 80 So.2d 176, and Bougon v. Traders & General Insurance Company, La.App., 146 So.2d 535.
We are of the opinion that there was no actionable negligence on the part of defendant.
For the reasons assigned, the judgment appealed from is affirmed, with costs to be paid by plaintiffs.
Affirmed.