SWIFT, Judge.
Donald P. Flettrich filed this suit, individually and as administrator of the estate of his minor daughter, Lisa M. Flettrich, against State Farm Fire & Casualty Company,[1] the liability insurer of Victor Frase, Jr., seeking damages which allegedly resulted from an injury sustained by the child while a guest at the Frase home.
The plaintiff was awarded $500.00 under the medical payments provision of the State Farm policy covering medical expenses incurred as a result of a bodily injury sustained while on the insured’s premises irrespective of negligence. However, his demand for the personal injuries of the child was dismissed. Since the plaintiff has appealed only from that part of the judgment dealing with the minor’s claim and no answer to the appeal has been filed by appellee, the sole question presented to this court for determination is whether or not the lower court was correct in rejecting the demand for damages asserted on behalf of the child.
The trial judge concluded the evidence “was insufficient, as a matter of law as well as preponderance to warrant a judgment in favor of plaintiff for his daughter’s injuries,” and also that David Frase, the insured’s three year old son who allegedly caused Lisa’s injury by striking her with a baseball bat, was too young to be capable of culpable negligence, citing Frank v. Great American Insurance Company, 196 So.2d 50 (La.App. 3 Cir. 1967). Plaintiffs’ counsel now concedes David was incapable of culpable negligence, but argues that Mrs. Frase was obliged to provide mature supervision of the play activities of the children while guests at her home and the failure to do so constituted negligence on her part which was a proximate cause of the child’s injury.
On March 17, 1967, Mrs. Victor Frase gave what is commonly referred to as a “Tupper-Ware Party”. At such parties the hostess invites her female friends to her home where household utensils manufactured under the brand name “Tupper Ware” are displayed and sold by a representative of such company. For her participation the hostess is usually given one or more items of the displayed merchandise.
Mrs. Gloria Flettrich, one of the ladies invited to the party arrived about 10:30 A.M. accompanied by her two children, Lisa, age four, and Laurie, age three. Sometime thereafter, Mrs. Frase suggested that Lisa join her son, David, and play in the garage as they had done before. Mrs. Frase testified she checked the whereabouts of the children on several occasions during the party and each time found them in the neighborhood engaged in normal play activities. About one hour after leaving the house, Lisa returned, crying and complaining of severe pain in her arm.
Dr. James L. Lenoir, the attending physician, diagnosed Lisa’s injury as a dislocation of the head of the left radius at the elbow. Surgery was required to accomplish reduction.
Lisa Flettrich was five years old at the time of the trial. Over defendant’s objection, she was permitted to testify that David struck her in the back with a baseball bat, causing her to fall and hurt her elbow. However, the trial judge considered her testimony unreliable and attached little or no weight thereto.
Counsel for plaintiff contends the trial court erred in failing to find that: (1) the child sustained her injury as she testified; and (2) Mrs. Frase was obligated to furnish mature supervision of the play area to which she had directed Lisa.
The only witnesses to this accident were the children. The only one called to the stand was Lisa Flettrich as counsel for defendant thought David was too young to testify. In concluding the plaintiff had *222 failed to prove the case by a preponderance of evidence the trial judge explained in his written reasons for judgment that because of Lisa’s age, “the weight of such testimony was dubious.”
 The evaluation of witnesses, their credibility and the weight to be accorded their testimony are matters which are peculiarly within the province of the trial judge. We cannot say he was manifestly in error in failing to accept this young child’s testimony as to the manner in which she was injured, particularly when no mention was made to the attending physician of Lisa having been struck by a bat in relating the history.
Turning to the question of duty owed by Mrs. Frase to protect the child from injury on her premises, whether Mrs. Flettrich and her daughter are considered as social guests or business invitees, they fall within the classification of invitees under our jurisprudence. Alexander v. General Accident, Fire and Life Assurance Corporation, 98 So.2d 730 (La.App. 1 Cir. 1957); Pampas v. Cambridge Mutual Fire Insurance Company, 169 So.2d 200 (La.App. 4 Cir. 1964); Taylor v. National Indemnity Company, 215 So.2d 203 (La.App. 3 Cir. 1968).
In Bougon v. Traders & General Insurance Company, 146 So.2d 535 (La.App. 4 Cir. 1962), at page 537, this court said:
“Although a social guest is an invitee to whom the home owner or occupier of the premises might owe a greater degree of care than to a licensee or trespasser, he is not the insurer of the safety of the invitee against the possibility of an accident, ‘but is only required to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved.’ It is his duty to fend against the possibility of injury, but should an accident and an injury occur which could not have been reasonably anticipated, it cannot be considered actionable negligence. The accident must have been such that when considering all of the facts and circumstances in connection therewith, it must have been such an accident that might have been reasonably foreseen by a man of ordinary intelligence and prudence. * * * ” (Emphasis supplied).
This general rule applies when the injured guest is a three year old child, “but with additional considerations as to what is dangerous and foreseeably likely to cause accident and injury” to such, a child. Simoneaux v. American Manufacturers Mut.Ins. Co., 159 So.2d 742, at page 745 (La.App., 4 Cir. 1964).
Of particular interest is Oldham v. Hoover, 140 So.2d 417 (La.App. 1 Cir. 1962), which involved an injury sustained by a child at nursery school. Although the case differs from the one at bar in that the defendants in Oldham were engaged for a fee to care for the injured child, with respect to their duty of supervision the court said at page 421:
“ * * * While supervisors of a day nursery are charged with the highest degree of care toward the children placed in their custody, they are nevertheless not the absolute insurers of their safety and cannot be expected or required to prevent children from falling or striking each other during the course of normal childhood play.”
And at page 423 of the decision there appears :
“It is our opinion that the substantial question presented herein is whether or not appellant has carried the burden incumbent upon him of proving negligence of the defendants from which injury to the child might reasonably have been foreseen. * * * ”
When analyzed in terms of foreseeability we find nothing in the record that would have caused Mrs. Frase to be aware of any unreasonable risk of injury to the Flettrich child. Assuming arguendo *223 that Lisa was struck with a baseball bat by young Frase as plaintiff contends, there was nothing in the situation to alert his mother to the possibility of the occurrence of any such accident and injury. The children had played together at this place before, and there is no indication of trouble or unruly behavior on the part of David prior to the alleged incident.
We conclude the trial judge correctly held Mrs. Frase’s insurer was not liable for this regrettable but unforeseeable injury.
The judgment of the lower court is affirmed at appellant’s cost.
Affirmed.

. Originally designated “State Farm Mutual Automobile Insurance Company” through error.